HOPPOCK, GLENN & CO. *v.* CHARLES C. SHOBER.

By virtue of the C. C. P., sec. 254, (Battle's Revisal, chap. 17, sec. 254,) a judgment from the time it is docketed has a lien on all the interest of whatever kind the defendant has in real estate, whether it be such as can be seized under an execution or not.

The United States Government has an undoubted right to priority of payment in case of a general conveyance of his property by an insolvent, but that right is subject to a prior lien, and if a lien be acquired by a docketed judgment it will not be defeated by a subsequent assignment, unless the insolvent be thrown into bankruptcy by proceedings commenced within four months thereafter.

The case of *McKeithan* v. *Walker*, 66 N. C. Rep. 95, cited and approved.

This was a CIVIL ACTION tried before *Tourgee, J.*, at the Spring Term, 1872, of GUILFORD Superior Court.

On the trial the following issues were submitted to the jury: 1. Was the purchase of the land in question made with the money of one Crane? 2. Did one Owen hold the lands for the use and benefit of Crane, or adversely to him? 3. Was the judgment of the plaintiffs against Crane transferred to the docket of the Superior Court of Guilford county before the execution of the deed in trust, made by the said Crane and Owen of the land in question and other lands to the defendant to secure a *bona fide* debt to the United States, mentioned in the pleadings? These issues were found in favor of the plaintiffs, and the case was then continued until the Spring Term, 1873, when his Honor gave a judgment for the plaintiffs, from which the defendant appealed.

*L. M. Scott*, for the defendant.
*Dillard, Gilmer & Smith*, for the plaintiffs.

RODMAN, J. We need not consider the question whether there was such an estate in Crane as would have been liable to sale under execution. The only question is, did the docketing of the plaintiff's judgment give him a lien on the estate, or right, or whatever else it may be called, of Crane, which he could not divest by a conveyance to a trustee, to secure a debt to the United States. We are of opinion that it did. This case is governed by *McKeithan* v. *Walker*, 66 N. C. Rep. 95. The language of C. C. P., sec. 254, is that the docketed judgment shall be a lien on all the real *property* of the defendant in the county. Before the Code, the filing of a bill to enforce the collection of the judgment debt was held to give a lien. Certainly it was competent for the Legislature to make the change. The words "real property," are broad enough to permit such a construction, and we know of no reason in the nature of an argument *ab inconvenienti* why the construction should not be allowed. If any

such could be found, it would have great weight. None has been presented to us. Of course in this as in all other cases the lien of a docketed judgment is subject to all prior equities, and to all paramount subsequent claims.

It is said that the claim of the United States is paramount by reason of its priority in all cases of insolvency or bankruptcy, and that the conveyance to the defendant was an act of bankruptcy. Perhaps it might have been so held by a bankrupt Court if application for an adjudication of bankruptcy had been made in due time. As none such was made, we cannot notice it in that light. The priority of the United States in case of a general conveyance of his property by an insolvent is not disputed. But that priority is subject to liens previously acquired. The docketed judgment of the plaintiffs was a lien which was not divested by the subsequent conveyance by Crane to the defendant, and would not have been divested by Crane's bankruptcy, unless proceedings to declare him a bankrupt had been commenced within four months thereafter. The plaintiffs are entitled to the fund under the agreement.

Judgment below affirmed. Let this opinion be certified.

PER CURIAM. Judgment affirmed.