A. T. BRUCE et al. v. J. J. NICHOLSON et al.

*Husband and Wife—Estate by Entirety—Judgment—Lien—Parties.*

1. Under a conveyance of land in *fee* to husband and wife they take, not as tenants in common, or joint tenants, but by entireties with the right of survivorship, each being seized *per tout, et non per my;* neither can convey or encumber the estate without the assent of the other, nor can the interest of either become subject to the lien, or any proceeding to sell for the satisfaction of any judgment during their joint lives.

2. The lien created by docketing a judgment does not vest any estate in the property subject to it in the judgment creditor, but only secures to the creditor the right to have the property applied to the satisfaction of his judgment, and such lien extends only to such estate, legal or equitable, as may be sold or disposed of at the time it attaches.

3. It is not error to refuse to allow a junior judgment creditor to be made party to an action to foreclose a prior mortgage, in order that he may attack the *bona fides* of the mortgage; his remedy is by an independent action.

This was a MOTION, heard before *Whitaker, J.,* at June Term, 1891, of PITT Superior Court.

The following is so much of the case stated on appeal as need be reported :

The plaintiff, in his complaint, recited two mortgages of land executed by defendants (Sugg and wife) to plaintiff (the one on December 7th, 1883, and the other on December 1st, 1886), and a certain judgment rendered in favor of one W. S. Rawls against said defendant at March Term, 1889, which had been purchased by plaintiff for a valuable consideration, and duly assigned to him. Among the tracts conveyed by the mortgages was one which Sugg and wife held under a deed executed to them jointly by Charles D. Rountree and wife. The action is to foreclose the mortgage, etc.

No answer was filed. Service of summons was accepted by the defendants.

J. J. Nicholson & Sons, judgment creditors of the defendant Isaac Sugg, by virtue of a certain judgment rendered at June Term, 1886, of said Court, caused a notice of motion in this cause to be served on the parties, and at the present term, upon affidavits filed, they moved for leave to come in and be made party defendant for the reasons set forth in the affidavit, to the end that they may have their rights as judgment creditors duly protected. A counter affidavit, made by defendant Isaac Sugg, was filed by plaintiff.

The Court refused the application of Nicholson to be made party defendant, for the reason that he had no interest in the land sought to be sold, and the Court, finding that the land covered by the mortgage is the sole property of the *feme* defendant, except one tract, and that this tract is the property of Sugg and his wife holding by entireties.

Nicholson, the appellant, excepted. Thereupon a judgment, by consent of plaintiff and defendant Sugg and wife, was rendered, and Nicholson appealed.

*Mr. T. F. Davidson* (and *Messrs. Jarvis & Blow*, by brief), for plaintiff.

*Mr. C. M. Barnard*, for appellant.

Merrimon, C. J.: The appellant's judgment is not against the *feme* defendant, who is the wife of her co-defendant I. A. Sugg, nor do they seek to have her property—land—devoted to its satisfaction; it is against the defendant husband.

The land, except a small tract of four acres, embraced by the mortgages of the plaintiffs, which they seek by this action to foreclose, is that of the *feme* defendant wife. The Court so expressly finds and declares. The husband has no such interest in her land as is subject to levy and sale to satisfy the appellant's judgment. It does not appear that he is ten-

ant by the curtesy *initiate,* and if it did so appear, such interest could not be sold to satisfy the judgment. The statute (*The Code,* § 1840) so expressly provides. *The Code,* § 1838. As to this land, the appellant has no judgment lien to be enforced in or by this action.

The defendants, husband and wife, held the small tract of land conveyed to them, not as joint tenants or tenants in common, but by entireties. In contemplation of law, they were for such purpose but one person, and each had the whole estate as one person, and when one of them should die, the whole estate would continue in the survivor. They, by reason of their relations to each other, could not take the *fee-simple* estate conveyed to them by moieties, but both were seized of the entirety *per tout, et non per my.* This is so by the common law and is the settled law of this State. *Motley* v. *Whitmore,* 2 Dev. & Bat., 537; *Long* v. *Barnes,* 87 N. C., 329; *Todd* v. *Zachery,* Bus. Eq., 286; *Simonton* v. *Cornelius,* 98 N. C., 433; *Harrison* v. *Ray,* 108 N. C., 215; 2 Bl., 182.

The nature of this estate forbids and prevents the sale or disposal of it, or any part of it, by the husband or wife without the assent of both; the whole must remain to the survivor. The husband cannot convey, encumber, or at all prejudice, such estate to any greater extent than if it rested in the wife exclusively in her own right; he has no such estate as he can dispose of to the prejudice of the wife's estate. The unity of the husband and wife as one person, and the ownership of the estate by that person, prevents the disposition of it otherwise than jointly.

As a consequence, neither the interest of the husband, nor that of the wife, can be sold under execution so as to pass away title during their joint lives or as against the survivor after the death of one of them. It is said in Rorer on Judicial Sales, that "no proceeding against one of them, during their joint lives will, by sale, affect the title to the property as against the other one as survivor, or as against the two dur-

ing their joint lives. Neither party to such tenancy can sell or convey their (his) interest, for it is incapable of being separated." He cites many authorities to support what he thus says. Indeed it seems that the estate is not that of the husband or the wife, it belongs to that third person recognized by the law, the husband *and* the wife. It requires the co-operation of both to dispose of it effectually. Rorer on Judicial Sales, § 549; Freeman on Cotenancy, §§ 73, 74; 4 Kent, 362; *Simonton* v. *Cornelius, supra.*

The statute (*The Code*, § 435) prescribes that a docketed judgment, directing the payment of money, "shall be a *lien* on the real property in the county where the same is docketed of every person against whom any such judgment shall be rendered, and which he may have at the time of the docketing thereof in the county in which such real property is situated, or which he shall acquire at any time thereafter for ten years from the date of the rendition of the judgment."

The lien thus intended and created does not vest in the judgment creditor any estate or interest in the real property subject to it; it only creates and secures the right of the creditor to have the judgment debt paid out of the proceeds of the sale of the property, made under the ordinary process of execution or other proper process or order of the Court. The lien extends to and embraces only such estate, legal and equitable, in the real property of the judgment debtor as may be sold or disposed of at the time it attached. In *Bristol* v. *Hallyburton*, 93 N. C., 384, Justice ASHE, for the Court, said: " A sale under an execution, upon a judgment which is a general lien on all the property of the debtor, vests only the interest of the debtor at the time the judgment lien attaches, or such as the debtor might have conveyed by suitable instrument for a valuable consideration. It is limited to, and can rise no higher than that (the interest) of (the) debtor; a stream cannot rise higher than its fountain. A purchaser, under an execution, takes all that belongs to the

debtor; and nothing more." It was, hence, said in that case, that a *vested* remainder in land might be sold under execution, but a *contingent* remainder could not. *McKethan* v. *Walker*, 66 N. C., 95; *Hoppock* v. *Shober*, 69 N. C., 153; *Dixon* v. *Dixon*, 81 N. C., 323; *Dail* v. *Freeman*, 92 N. C , 351. The statute contemplates and intends a lien upon some present subsisting estate, legal or equitable, in the real property of the judgment debtor that may be enforced in some proper way. It would be idle and absurd to intend a lien that could not be made effectual. Freeman on Judgments, § 357; Rorer on Judicial Sales, § 557 and note.

As we have seen, the husband, who is the judgment debtor in this case, had no interest in the land that he could dispose of, nor that was subject to sale under execution or any legal process. A sale would be ineffectual. The possibility that the husband might survive his wife and thus become the sole owner of the property, was not the subject of sale or lien. This did not constitute or create any present estate, legal or equitable, any more than a contingent remainder or any other mere prospective possibility. *Bristol* v. *Hallyburton, supra.*

It seems that at the common law, the husband, by virtue of his marital rights, could dispose of the possession of real estate held by entireties. But, however this may be, the statute (*The Code*, § 1840) expressly provides that he shall not have power to dispose of his wife's land for his own life or any less term of years without her assent, nor can the same be subject to sale to satisfy any execution obtained against him.

The appellants, therefore, had no lien upon the land or any part of or interest in it, so far as appears, and the Court properly denied their motion to be made a party defendant.

It appears, from the affidavit upon which the appellants based their motion, and from the brief of their counsel, that they did not ask to be made a party defendant in the action

for the purpose of enforcing their supposed lien and sharing in the funds, the proceeds of the sale of the land according to their alleged right, but for the purpose of alleging collusion between the plaintiffs and defendants to the prejudice of themselves and other creditors, and to contest the validity of the plaintiff's mortgages and debts secured by them.

The Court might properly have denied the motion upon the ground that a party would not be allowed to come into the action for such purpose. The effect of such suggested procedure and practice would be, not to completely determine the action and administer the rights of divers persons who had mortgages of and liens upon the property to be sold, etc., but to allow a party to come into the action and allege a distinct and different cause of action against the plaintiffs and defendants and litigate the same. Such practice is unwarranted, and cannot be tolerated. In such case the remedy of the complaining party is by an independent action, brought for the purpose, against the plaintiffs and defendants.

Judgment affirmed.