### TAYLOR v. CARRAWAY et al.

(District Court, E. D. North Carolina.   September, 1922.)

No. 429.

1. **Husband and wife ☞14(2)—Take under conveyance of real estate as tenants by the entireties.**

   In North Carolina, the title to real estate conveyed to husband and wife vests in them as tenants by the entireties, and neither as joint tenants nor tenants in common.

2. **Husband and wife ☞14(11)—Trustee in bankruptcy not entitled to lien on property owned by the entireties for money paid by husband for improvement while insolvent.**

   A husband's payment of the funds of a partnership of which he was a member, while insolvent, for an improvement on property owned by him and his wife as tenants by the entireties, for which he alone was liable, did not entitle the partnership's trustee in bankruptcy to a lien on the joint property for the amount so paid.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Husband and wife ☞14(11)—Judgment against wife would not constitute lien on property owned by the entireties.**

Though a wife, under the law of North Carolina, could have been held personally liable as for money paid to her use for an improvement placed on property owned by her and the husband by the entireties, a judgment against her would not have constituted a lien as against her or the husband's interest.

In Equity. Bill by Harry S. Taylor, trustee in bankruptcy of W. T. Carraway & Son, against W. T. Carraway and others, to subject real estate to a lien for money paid from partnership funds on account of waterworks in dwelling of defendants H. T. Carraway and wife. Bill dismissed.

See, also, 282 Fed. 876.

Cowper, Whitaker & Allen, of Kinston, N. C., and McLean, Varser, McLean & Story, of Lumberton, N. C., for plaintiff.

J. Paul Frizzelle, L. V. Morrill, and Geo. M. Lindsay, all of Snow Hill, N. C., for defendants.

CONNOR, District Judge. The report of the special master discloses the following facts:

On December 1, 1920, defendants W. T. Carraway & Son, as individuals and partners, were insolvent, and so continued until March 24, 1921, when they were adjudged bankrupts as copartners and individuals, and plaintiff was appointed and duly qualified as trustee. On or about March 4, 1921, H. T. Carraway paid, out of the funds of said partnership, $450 in payment of the cost of a system of waterworks and sewerage installed in the residence owned by defendant H. T. Carraway and wife, Willie Grimsley Carraway. The system is a permanent fixture in said residence. At the date of such payment, and for some time prior thereto, Carraway & Son were insolvent, and knew themselves to be so. Defendant Willie Grimsley Carraway, wife of H. T. Carraway, had at that date reasonable cause to believe that said firm and the individual partners were insolvent. The assets of said bankrupts, neither as partners nor individuals, are sufficient to pay their indebtedness.

Exceptions were filed to said findings, which are overruled, and the conclusions of fact, as reported by the special master, are confirmed and adopted by the court. Plaintiff prays that the amount diverted from the assets of the insolvent partnership, and applied to the payment of the price of the system of waterworks and sewerage installed in the dwelling, located on a lot the title to which is vested in defendant H. T. Carraway and his wife, be decreed a lien upon the property, and it be sold, unless the amount is paid to discharge such lien.

[1] It is settled by numerous and uniform decisions of the Supreme Court of North Carolina that the title to real estate conveyed to husband and wife vests in them as tenants by entireties, and neither as joint tenants nor tenants in common. Douglas, J., in Ray v. Long, 132 N. C. 891, 44 S. E. 652, discusses the character and incidents attaching to the estate, saying that a conveyance to them creates—

"an estate in entireties, in which the parties will hold, in the ancient language of the law, per tout et non per mȳ. This estate is fully recognized by our law, and has not been impaired by section 6 of article 10 of the Constitution."

Quoting from Gaston, J., in Motley v. Whiteman, 19 N. C. 537, it is said:

"When lands are conveyed to husband and wife, they have not a joint estate, but they hold by entireties. Being in law but one person, they have each the whole estate as one person."

It was held in Bruce v. Nicholson, 109 N. C. 204, 13 S. E. 790, 26 Am. St. Rep. 562, that neither can incumber or subject the property to a lien without the consent of the other; a judgment against the husband is not a lien upon the property; that a sale of the land during the existence of the estate is void; nothing passes as against either. In Bank v. McEwen, 160 N. C. 414, 418, 419, 76 S. E. 222, 224 (Ann. Cas. 1914C, 542), Walker, J., says:

"The nature of this estate forbids and prevents the sale or disposal of it, or any part of it, by the husband or wife without the assent of both; the whole must remain in the survivor. The husband cannot convey, incumber, or at all prejudice such estate to any greater extent than if it rested in the wife exclusively in her own right. * * * The unity of the husband and wife is but one person, and the ownership of the estate by that person, prevents the disposition of it otherwise than jointly. * * * Indeed, it seems that the estate is not that of the husband or the wife; it belongs to that third person recognized by the law, the husband *and* the wife. It requires the co-operation of both to dispose of it effectually."

To the same effect are many other decisions of our Supreme Court.

[2, 3] It is difficult to understand how, in the light of this state of the law, the husband may, by paying out the funds of a partnership of which he is a member, although insolvent, pay a debt which, so far as appears, was contracted by him, for an improvement placed upon the joint property of his wife and himself, fix a lien upon the property. There is no suggestion that the wife was a party to the contract, pursuant to which work was done and materials furnished. If it be conceded that the wife may be held liable personally, as for money paid to her use, a judgment against her would not constitute a lien as against her, or the husband's interest. This results from the legal fiction, which is the sole survivor in the law of this state, of fictions which "have had their day and ceased to be."

It is said, however, that it was held in Dorsey v. Kirkland, 177 N. C. 520, 99 S. E. 407, that the husband had the power to execute a mortgage or to lease the property, entitling the mortgagee or lessee to appropriate the rents and the lessor to have possession during the term; "that he is entitled, during the coverture, to the full control and usufruct of the land to the exclusion of the wife." Conceding this to be so, he has done neither of these acts here. If the court had the power to fix an equitable lien, as claimed by the plaintiff, such lien could be enforced only by decreeing a sale of the property. If, as held in Bruce v. Nicholson, 109 N. C. 204, 13 S. E. 790, 26 Am. St. Rep. 562, a docketed judgment against the husband did not constitute a lien on the property held by husband and wife, it is difficult

to see how by any process either his or his wife's interest may be subjected to sale for his or her debt. How far the principle announced in the Nicholson Case is weakened by the decision in the Kirkland Case is interesting, but no decision of the court has overruled the first case.

It may be that, upon the principle announced in Ball v. Paquin, 140 N. C. 83, 52 S. E. 410, 3 L. R. A. (N. S.) 307, if the contractors had filed a notice of a lien for labor and material upon the property, as provided by the statutes of this state, fixing liability upon both husband and wife, and the husband diverted the funds of the partnership to the discharge of the lien, the creditors, or the trustee, may have successfully invoked the aid of a court of equity to decree them subrogated to such lien. No notice of lien having been filed, the debt paid by H. T. Carraway was but a simple contract debt, made and due by him, for which his wife, upon the findings of the special master was not liable in personam.

In no view of the case is the plaintiff entitled to relief in a court of equity. A decree dismissing the bill will be entered.