PAGE TRUST COMPANY v. RAPHAEL W. PUMPELLY ET AL.

(Filed 23 November, 1927.)

**1. Reference—Trials—Jury—Waiver—Issues.**

Where on the appellant's motion the trial court orders a reference, the appellant's right to a jury trial upon issues submitted on exceptions duly taken is to be deemed waived, and in this case it is *held*, that the issues thus submitted were not sufficiently controverted by the adversary party.

**2. Mortgages—Bills and Notes—Actions—Foreclosure—Notes—Makers—Husband and Wife—Appeal and Error.**

In a suit to foreclose a mortgage executed by a man and his wife, the latter not having signed the notes, a personal judgment against her is erroneous.

**3. Appeal and Error—Transcript—Costs—Rules of Court—Printing.**

*Held*, in this case the record on appeal was much too voluminous or in excess of that required to properly present the appeal, and the appellee at whose instance it was done is taxed with the cost of mimeographing it for the excess over the sixty pages allowed by Rule 26.

APPEAL by defendant, Mrs. Amelie R. Pumpelly, and interpleaders, Lexington Grocery Company and Standard Oil Company, from *Stack, J.,* at February Term, 1927, of MOORE.

Civil action to foreclose certain mortgages and deeds of trust.

At the February Term, 1926, "on motion of Mrs. Amelie R. Pumpelly and the other parties to the action," the cause was referred under the statute to Hon. R. C. Lawrence, who, in accordance with the usual course and practice, found the facts and reported same, together with his conclusions of law, to the court. On exceptions duly filed, and after hearing had thereon, the report of the referee was modified and approved by the judge of the Superior Court. All parties gave notice of appeal, but the appeals of Mrs. Amelie R. Pumpelly, Lexington Grocery Company and Standard Oil Company are the only ones which have been perfected. The others were abandoned, or they have been dismissed on motion.

*U. L. Spence and Johnson & Johnson for plaintiff.*

*Hoyle & Hoyle for defendant, Mrs. Amelie R. Pumpelly, and inter-pleaders, Lexington Grocery Company and Standard Oil Company.*

*Francis S. Hassell for defendant, Atlantic Joint Stock Land Bank.*

STACY, C. J. The record in this case, which was first here at the Spring Term, 1926 (191 N. C., 675, 132 S. E., 594), is quite voluminous and contains more than is necessary to a proper understanding of the appeal. Indeed, its diffuseness is somewhat confusing. The imma-terial matter, it is alleged, was inserted at the instance of the plaintiff. The appellee, therefore, will be allowed to recover cost of mimeograph-ing "not to exceed sixty pages for a transcript and twenty pages for a brief." Rule 26, 192 N. C., p. 851. The balance of the cost of mimeo-graphing the record and briefs will be taxed against the plaintiff.

The first exception imputes error to the trial court in denying appel-lants' motion for a jury trial on exceptions filed to the referee's report and issues tendered thereon. *Jenkins v. Parker,* 192 N. C., 188, 134 S. E., 419; *Baker v. Edwards,* 176 N. C., 229, 97 S. E., 16. The ruling might well be upheld on the ground that a jury trial was waived when the reference was ordered "on motion of Mrs. Amelie R. Pumpelly and the other parties to the action," being as it was in effect at least, a con-sent reference. But outside of this the issues raised by the appellants are not sufficiently controverted to call for a jury trial *(Bruce v. Nichol-son,* 109 N. C., 202, 13 S. E., 790), save perhaps the question of Mrs. Pumpelly's individual liability on certain notes executed by her husband, but not by herself. As to these, the judgment will be modified so as to relieve her of any individual liability thereon. The inclusion of these notes in the judgment against Mrs. Pumpelly was evidently an over-sight on the part of the learned judge who heard the case in the Superior Court. The plaintiff has asked for no judgment against her on these notes. She signed the mortgage given to secure the payment of said notes, but not the notes themselves.

The remaining exceptions are unsubstantial and call for no elabora-tion. They are not sustained.

Let the judgment be modified as above indicated and, as thus modi-fied, it will be upheld.

Modified and affirmed.