Daniel, J.
 

 The deed from the executors of Cox, dated the 24th of March 1823, conveyed the land to John Needham and Susannah, his wife and their respective heirs. The husband and wife did not take interests in the land, either in joint-tenancy or as tenants in common, but they took estates in fee, by entireties and not by moieties. The husband alone could not, by his own conveyance, divest the wife’s estate or interest. So that, on her surviving him, she was entitled to the whole estate. Co. Lit. 187.
 
 Doe on dem. Freestown
 
 v. Parrett,
 
 5
 
 Term 652,
 
 Doe
 
 v.
 
 Wilson,
 
 4 Barn, and Alder. 303, 1 Roper on husband and wife, 51, 52. The deed to Moffitt did not convey Mrs. Needham’s interest in the land, as she was not privily examined, as the law directs.
 

 On the second question raised by the defendants, and on which the judge non-suited the plaintiff, to wit, that the interest in the land claimed by the defendants was not a joint interest, but was a several and distinct interest in several distinct portions of the whole tract, as described in the declaration, the judge erred, we think, because the defendants pleaded jointly and tried jointly. The case of
 
 Den on demise
 
 of
 
 Love
 
 v.
 
 Wilbourn and al.
 
 decided at this Term (see
 
 ante
 
 p.) settles the law upon this point of the case in favor of the plaintiff. The judgment must be reversed, and a judgment rendered for the plaintiff against those defendants, against whom the jury found.
 

 Per Curiam, Judgment below reversed and judgment for the plaintiff-