Pearson, J.
 

 The evidence in respect to the “marked trees,” was admissible under the rule recognised by this Court in
 
 Safret
 
 v.
 
 Hartman,
 
 ante 185, although “marked line trees” were not called for in the grant which the plaintiff was endeavoring to locate. The grant was of ancient date, to wit: Jlh of March, 1775.
 

 2. The call in the deed to the plaintiff and wife “ thence southerly 80 poles to the patent line, then with the patent line easterly,” clearly has reference to the line of the patent that covered the land, to wit: the patent of 1775, in the absence of any proof that there was another patent which covered the land. This call being sufficiently definite, was properly allowed the effect of controlling the distance.
 

 3. If a husband and wife have posscssion^w^^tt'jj^: longing to the wife in fee in severalty, quent eviction, the husband alone may ^H^líín ej The fact that the husband has also an esfájjp joji^l^ wife, cannot have the effect of putting himj'^y^wor tion than if he had no estate except such asjheji^i
 
 *360
 

 ona/riti,
 
 for be lias all that, and something more. This is self-evident ; the learning in the books merely shows that in case of a conveyance to husband and wife, there is a
 
 fifth omito/,
 
 to wit: that of person, and he cannot sever the relation, or do any act b} which to defeat her estate, in case she survives him; but
 
 non constat,
 
 but he may make a lease for years which will be valid during the coveture, in the same way as if he had nothing in the land except as husband; consequently, he may maintain ejectment on his own demise. We presume an action might be maintained on the joint demise of husband and wife, in such a case, as they are enabled to make a joint lease by statute, which binds the wife provided certain requisites are attended to.
 

 Pee CueiaM. . Judgment affirmed.