JAMES T. JOHNSON AND WIFE v. MILLIE A. EDWARDS.

*Husband and Wife—Seizin by Entireties—Statute of Limitations.*

Where the husband and wife are seized by entireties of land, an action
· by them, involving the title or possession thereof, will not be
barred by the statute of limitations as to one unless it bars both.

CIVIL ACTION, tried before *Graves, J*, at July Special Term,
1891, of STOKES Superior Court.

It appears that on the 8th day of November, 1886, Solomon T. Edwards executed a deed of conveyance purporting
to convey the fee-simple of the land described in the complaint to the plaintiff James T. Johnson and his wife
Rejina; that afterwards, on the 5th day of February, 1887,
that deed was surreptitiously taken from the place of deposit
thereof and of other like valuable things, and destroyed or
put without the possession and control of the plaintiffs, and
that they have not been able to find the same after earnest
and diligent search; that the said deed was not registered.

It further appears that afterwards, on the 17th day of
May, 1887, the said Solomon T. Edwards executed a second
like deed purporting to convey the fee-simple in the same
land to the defendant Millie A. Edwards, and he afterwards
died on the 13th day of January, 1890.

The pleadings raised issues of fact, and the jury found,
among the other facts, that the plaintiffs' cause of action
accrued on the 7th day of February, 1887, and more than
three years next before this action began: "On the pleadings and findings of the jury, the plaintiffs moved for judgment in their favor, which motion was denied. Defendant
then moved for judgment: for that the said action was
barred by the statute of limitations as pleaded by her as to
both plaintiffs, which motion the Court allowed, dismissing

the action, and gave judgment accordingly." The plaintiffs excepted, and appealed to this Court.

*Mr. C. Manly,* for plaintiffs.
*Mr. C. B. Watson,* for defendant.

MERRIMON, C. J.—after stating the case: Whatever may be the nature and merits of the plaintiffs' cause of action, it was not barred by any statute of limitation, because the deed under which they claim, and by this action seek to have benefit of, purported to convey to them the fee-simple in the land in question. As they were husband and wife, they were not tenants in common and did not take by moieties, but by *entireties*—they were seized, if seized at all, of the entirety *per tout et non per my.* They owned the land, or whatever interest they acquired in it, as one person. They could not sell or dispose of it, or any interest in it, but by their joint action. The husband could not encumber it or at all prejudice the wife's estate by his *laches* or his positive acts. *Bruce* v. *Sugg* and *Phillips* v. *Hodges,* and the cases there cited at the present term.

The statute of limitations could not bar or affect the rights of the *feme* plaintiff because, as a married woman, she was under disability. The husband had no interest or estate separable from hers, nor, as we have seen, could his *laches* affect her rights adversely. The nature of the estate and interest of the husband and wife are so thoroughly identified as one and the same as to each, that the right of the husband cannot be barred without the like bar of the right of the wife. Her right cannot be barred, and no more can that of the husband. Such causes of action as that the subject of this action are not subject to the statute of limitations, because the married woman's rights are not.

The Court ought, therefore, to have given judgment, as the parties appeared to be entitled without regard to the statute of limitations.                                      Error.