## BYNUM v. WICKER.

(Filed April 10, 1906).

*Tenants by Entireties—Conveyance by Husband Alone—
    Injunction Against Cutting Timber—Estoppel.*

1.  While a husband may, by a deed in which his wife does not join,
    convey an estate by entireties, so as to entitle the grantee to
    hold during the husband's life, such deed gives the grantee no
    right to cut timber on the land.

2.  Where a husband and his wife were tenants by entirety of a tract
    of land and the husband without the joinder of his wife, mort-
    gaged the land and it was sold under the mortgage and plaintiff
    holds by mesne conveyances from the purchaser at the mortgage
    sale, the court erred in refusing to continue to the hearing an
    injunction against the defendants, who are the agents of the
    husband and his wife, to prevent their cutting the timber on the
    land.

ACTION by T. M. Bynum against J. M. Wicker and Milo
Fields, pending in the Superior Court of MOORE County,
heard by consent by *Judge Fred Moore,* at Wadesboro, on
the 16th day of January, 1906, upon a motion by the plain-
tiff to continue a restraining order theretofore granted, to the
final hearing of the cause. From an order refusing to con-
tinue the injunction to the hearing, the plaintiff appealed.

*U. L. Spence* for the plaintiff.
*Seawell & McIver* for the defendant.

CLARK, C. J.  Edward Fields and wife were tenants by
entirety of the tract in question. Edward Fields, without
the joinder of his wife, mortgaged the land to John R. Lane.
The land was sold under the power of sale in the mortgage
and the plaintiff holds by mesne conveyance from the pur-
chaser at such sale. This is a proceeding for an injunction

against the defendants, who are the agents of Edward Fields and his wife, to prevent their cutting the timber on said land.

This estate by entirety is an anomaly and it is perhaps an oversight that the Legislature has not changed it into a co-tenancy, as has been done in so many States. This not having been done, it still possesses here the same properties and incidents as at common law. *Long v. Barnes,* 87 N. C., 333; *West v. Railroad,* at this term. At common law "the fruits accruing during their joint lives would belong to the husband" (*Simonton v. Cornelius,* 98 N. C., 437), hence the husband could mortgage or convey it during the term of their joint lives, that is the right to receive the rents and profits; but neither could encumber it or convey it so as to destroy the right of the other, if survivor, to receive the land itself unimpaired. "He cannot alien or encumber it, if it be a freehold estate, so as to prevent the wife or her heirs, after his death, from enjoying it, discharged from his debts and engagements." 2 Kent's Com., 133; *Bruce v. Nicholson,* 109 N. C., 204.

It is clear, therefore, that the timber being a part of the freehold, the plaintiff would have no right to cut the timber, claiming under a conveyance from the husband alone. The husband having conveyed his interest is estopped from interfering with the possession of the premises during the joint lives of himself and wife, and of course so is the wife. Whether, if he should be survivor, his deed is valid as a conveyance of his interest by survivorship is a point as to which the authorities are conflicting, but we are not now called upon to decide that point, as it is not before us.

In refusing an injunction to the hearing there was
Error.