The plaintiffs are husband and wife, and were at the time of the transactions hereinafter mentioned. The plaintiff J. M. Jones, the husband, who is only a nominal party to the action, contracted to cut *Page 233 
certain timber from a tract of land owned by him and his wife as tenants by entirety and deliver it at the defendant's mill for a price fixed in the contract. The timber was cut and delivered to defendant and he paid for the same. It was agreed by the parties that the timber should be sold and the proceeds of sale should be held subject to the decision in this case. This action was brought by the feme plaintiff for a partition of the lumber into which the cut timber had been sawed. The allegation of the petition is that she and the defendant are tenants in common, each owning a one-half interest in the lumber. The petitioner asks for a sale of the property in order that there may be an equal division between the parties. The court suggested that the feme plaintiff might amend and sue for her share of the money due for the timber. This she declined to do, but insisted on her right to recover according to the allegations of her petition. The court then intimated that she could not recover, whereupon she submitted to a nonsuit and appealed. (319)
After stating the case: The plaintiffs, as husband and wife, were seized of the land, including the timber, not properly as joint tenants or tenants in common, but as tenants by entirety, for being considered as one person in law they can not take the estate in moities, but both are seized of the entirety, that is, per tout, et non per my, the consequence of which is that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor. 8 Blk., 182. In 1 Washburn Real Property (5 Ed.), p. 706, it is said: "A still more peculiar joint estate is that which belongs to a husband and wife, where the same is conveyed to them as such. If a man and woman, tenants in common, marry, they will continue to hold in common. But if the estate is conveyed to them originally as husband and wife, they are neither tenants in common nor properly joint tenants, though having the right of survivorship, but are what are called tenants by entirety. While such estates have, like a joint-tenancy, the quality of survivorship, they differ from that in this essential respect, that neither can convey his or her interest so as to affect the right of survivorship in the other. They are not seized, in the eye of the law, of moities, but of entireties. In such cases, the survivor does not take as a new acquisition, but under the original limitation, his estate being simply freed from participation by the other; so that if, for instance, the wife survives and then dies, her heirs would take to the exclusion of the heirs of the husband. Nor can partition be made of the estate." See also 11 A. E. (2 Ed.), 49; West v.R. R., 140 N.C. 620; Bynum v. Wicker, *Page 234 141 N.C. 95; Bruce v. Nicholson, 109 N.C. 204; 2 Kent's Com. 133. The (320) nature, incidents and properties of this estate by entirety were not changed by the provisions of the constitution relating to married women. Long v. Barnes, 87 N.C. 329. As the plaintiffs were thus seized of the timber, its severance from the land by cutting it did not convert the estate in the trees, when severed, or in the lumber cut from the logs, into a tenancy in common, nor is the feme plaintiff, by reason of the severance, entitled to maintain this action for partition. If she could have enjoined the husband from cutting the timber, under the principle stated in Bynum v. Wicker, supra, she is certainly not entitled to have a partition of the lumber, into which the timber had been converted, no more than she would have been entitled to partition of the land or the trees standing or growing thereon. This is the only question before us, as thefeme plaintiff insisted upon her legal right to partition as alleged and asserted in her petition.
The intimation of the court was correct, and therefore the nonsuit, to which the plaintiff submitted in deference thereto, must stand. It may be that the present state of the law as to married women, under the constitution and statutes and a wise public policy, call for a change in the incidents and properties of this anomalous estate (tenancy by entirety), so that it may be turned into a tenancy in common, but this is a question which addresses itself to the legislature and not to us.
No error.
Cited: Highsmith v. Page, 158 N.C. 228; McKinnon v. Caulk, 167 N.C. 412;Freeman v. Belfer, 173 N.C. 583.
(321)