LOUMIZA DAVIS v. W. T. BASS, TRUSTEE, ET AL.

(Filed 17 September, 1924.)

1. **Estates—Entireties—Husband and Wife—Marriage.**

The doctrine of title by entireties between husband and wife as it existed at common law remains unchanged by statute in this State.

2. **Same—Wills—Devises—Deeds and Conveyances.**

In law, the husband and wife are regarded as one legal entity, and when they acquire title to land, after marriage, by devise, deed, or purchase it themselves, the question of whether they derive the title to the

land by entireties depends upon the construction of the instrument; and whether or not they are named therein as husband and wife, they take by entireties, the survivor acquiring the sole title, unless the contrary intent appears.

### 3. Same—Rents and Profits—Mortgages.

Where the husband and wife acquire lands by entirety, the husband is entitled to the rents and profits thereof during the joint lives of himself and wife, and may for that period of time mortgage or dispose of the same, but neither may deal therewith in any manner that will injure or lessen the estate therein of the other without the assent of the other, lawfully given, and no judgment against them, singly, can operate as a lien on the lands subjecting them to levy, but only a judgment against them both can have this effect. The reason for, and the extent of, this principle given by STACY, J.

### 4. Same—Statutes—Probate.

During the continuance of the joint lives of the husband and wife, who have acquired an estate by entireties, the wife's interest in the lands is such as is contemplated by C. S., 2515; and where the estate has been conveyed to one in trust for them both, and the officer in taking the acknowledgment of the wife has failed to make the certificate required by this section, requiring him, as a prerequisite to its validity, to certify that the instrument was not unreasonable or injurious to her, the instrument itself is void, and he may not, by will or otherwise, dispose of her interest thereunder.

### 5. Same—Partition—Dower—Tenant by the Curtesy.

The estate by entireties existing between husband and wife, from its very nature, without the consent of the other, lawfully given, is not subject to adversary partition, cannot be destroyed by either, and is only severed by divorce absolute; and as the estate ultimately goes to the survivor, the tenancy by the curtesy of the husband and the dower interest of the wife does not attach to it.

### 6. Same—Rule in Shelley's Case.

The rule in *Shelley's case* applies to an estate held by entireties by the husband and wife, when the instrument under which it is acquired is so drawn as to fall within its terms.

APPEAL by defendants from *Bond, J.,* at June Term, 1924, of WILSON.

Civil action, to cancel deed and to recover property ostensibly conveyed thereby.

On 12 May, 1916, the plaintiff and her husband, P. A. Davis, being the owners of certain lands as tenants by the entirety, executed a paperwriting purporting to convey said lands to W. T. Bass, trustee, under the terms of which the trustee was to hold the property for the sole use of both the grantors during the natural life of P. A. Davis, provided he predecease his wife; but if the plaintiff predeceased her husband, then at her death the uses and trusts created were to cease and all the property was to revert to P. A. Davis and be and remain his sole and separate property to all intents and purposes as fully and completely

as if the plaintiff had predeceased her husband without the execution of said deed. But if the said P. A. Davis predeceased the plaintiff (which he did), the trustee was authorized and directed to dispose of all the property according to the wishes of P. A. Davis, as expressed in his last will and testament.

The execution of this deed was duly acknowledged by the grantors, and the plaintiff's privy examination taken, but there was no compliance, or attempted compliance, with the provision of C. S., 2515, requiring the probate officer, as a prerequisite to its validity, to certify in his certificate of probate that such contract was not unreasonable or injurious to the plaintiff.

The defendants are residuary legatees under the will of P. A. Davis and, as such, claim title to the property by virtue of the deed above mentioned.

Plaintiff, on the other hand, widow of P. A. Davis, deceased, contends that said deed is void because not executed in accordance with the requirements of the statute, and that she is entitled to the property described therein by right of her survivorship. The case turns upon the validity or invalidity of this deed.

The trial court held the deed in question to be invalid, and rendered judgment for the plaintiff. Defendants appeal.

*Bryce Little and W. A. Lucas for plaintiff.*
*Connor & Hill and Pou & Pou for defendants.*

STACY, J., after stating the case: The question presented for decision is whether a conveyance made by husband and wife, during coverture, to a trustee, for the use and benefit of the husband, of lands held by the entirety, is such a contract between a husband and wife, affecting the real estate or the capital of the personal estate of the wife, as comes under C. S., 2515, requiring the probate officer, as a condition precedent to the validity of the conveyance, to certify in his certificate of probate that, at the time of its execution and the wife's privy examination, such contract was not unreasonable or injurious to her. The trial court held it to be such a contract, and that a failure to observe the requirements of the statute rendered it absolutely void. *Wallin v. Rice,* 170 N. C., 417. The appeal challenges the correctness of this ruling.

A satisfactory disposition of the case would seem to call for an examination into the basic character of an estate held by a husband and wife as such, or as tenants by the entirety as it is usually called. It is conceded that the deed in question was executed for the purpose of enabling the husband to deal with the property as his own, freed from his wife's interest therein.

When land is conveyed or devised to a husband and wife as such, they take the estate so conveyed, or devised, as tenants by the entirety, and not as joint tenants or tenants in common. *Harrison v. Ray,* 108 N. C., 215. This tenancy by the entirety takes its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. The estate rests upon the doctrine of the unity of person, and, upon the death of one, the whole belongs to the other, not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each grantee. *Long v. Barnes,* 87 N. C., 329; *Bertles v. Nunan,* 92 N. Y., 152. These two individuals, by virtue of their marital relationship, acquire the entire estate, and each is deemed to be seized of the whole, and not of a moiety or any undivided portion thereof. They are seized of the whole, because at common law they were considered but one person; and the estate thus created has never been destroyed or changed by statute in North Carolina. *Freeman v. Belfer,* 173 N. C., 587. It still possesses here the same properties and incidents as at common law. *Bynum v. Wicker,* 141 N. C., 95. The act abolishing survivorship in joint tenancies in fee (C. S., 1735) does not apply to tenancies by the entirety. *Motley v. Whitemore,* 19 N. C., 537. A joint tenancy is distinguished by the four unities of time, title, interest, and possession (*Moore v. Trust Co.,* 178 N. C., p. 124); and it has been held that in tenancies by the entirety, a fifth unity is added to the four common-law unities recognized in joint tenancies, to wit, unity of person. *Topping v. Sadler,* 50 N. C., 357.

"A conveyance to husband and wife creates neither a tenancy in common nor a joint tenancy. The estate of joint tenants is a unit made up of *divisible parts;* that of husband and wife is also a unit; but it is made up of *indivisible parts.* In the first case there are several holders of different moieties or portions, and upon the death of either, the survivor takes a new estate. He acquires by survivorship the moiety of his deceased cotenant. In the last case, although there are two *natural* persons, they are but one person in *law,* and upon the death of either, the survivor takes no new estate. It is a mere change in the properties of the legal person holding, and not an alteration in the estate holden. The loss of an adjunct merely reduces the *legal* personage holding the estate to an individuality identical with the *natural person.* The whole estate continues in the survivor the same as it would continue in a corporation after the death of one of the corporators. 1 Dana, 244; 7 Yearger, 319. This has been the settled law for centuries. The distinction may seem a nice one, but it is founded upon the nature of marriage and the rights and incapacities which it establishes. Co. Lit., 6; 1 Thom. Coke, 853; 2 Bl. Com., 182." *Lewis, C. J.,* in *Stuckey v. Keefe,* 26 Pa., p. 399.

It will be observed that the estate may be held by husband and wife as such, and not otherwise, though it is not necessary that they be so described. 13 R. C. L., 1108. A husband is a man who has a wife; and a wife is a woman who has a husband. There can be no husband without a wife, and there can be no wife without a husband. As members of the marriage state, the only capacity in which they may take an estate by the entirety, the one cannot exist without the other. The two, in law and in fact, constitute but one "husband and wife." 30 C. J., 562 *et seq.;* 13 R. C. L., 1114.

Chancellor Kent, in his Commentaries, describes this anomalous estate as follows: "If an estate in land be given to the husband and wife, or a joint purchase be made by them during coverture, they are not properly joint tenants, nor tenants in common, for they are but one person in law, and cannot take by moieties. They are both seized of the entirety, and neither can sell without the consent of the other, and the survivor takes the whole"; and he cites Preston on Estates, which, with the authorities there collected, abundantly sustain his exposition of the law.

"This species of tenancy is *sui generis,* and arises from the unity of husband and wife. As between them there is but one owner, and that is neither the one nor the other, but both together, in their peculiar relationship to each other, constituting the proprietorship of the whole, and of every part and parcel thereof. There can be no partition during the coverture, for this would imply a separated interest in each; and for the same reason neither can alien, without the consent of the other, any portion or interest therein; and hence the legal necessity results, that the survivor must take the whole, for the estate being incapable of partition during the life of either, nothing could descend by the death of either. This consequence necessarily results from the nature of the estate, and the legal relation of the parties." *Smith, J.,* in *Ketchum v. Walsworth,* 5 Wis., p. 102.

Some of the properties and incidents of estates by the entirety may be summarized as follows:

1. In the eyes of the law an estate by the entirety is vested in one person—the husband and wife. These two individuals who constitute the one marital relation, are deemed to be seized of the entirety, *per tout et non per my. Bruce v. Nicholson,* 109 N. C., 204. Only husband and wife, in the character as such, may be tenants by the entirety. *Simons v. Bollinger,* 154 Ind., 83. This estate, in its essential features and attributes, is dependent, in legal contemplation, upon the oneness of person of husband and wife. *McKinnon v. Caulk,* 167 N. C., 412.

2. Upon the death of one, either the husband or the wife, the whole estate belongs to the other by right of purchase under the original grant

or devise and by virtue of survivorship—and not otherwise—because he or she was seized of the whole from the beginning, and the one who died had no estate which was descendible or devisable. *Todd v. Zachary,* 45 N. C., 286; *Stelz v. Schreck,* 128 N. Y., 263. It does not descend upon the death of either, but the longest liver, being already seized of the whole, is the owner of the entire estate. *Corinth v. Emery,* 63 Vt., 505.

3. Neither tenant can sever the union of interest so as to affect the right of survivorship without the consent of the other. *Bank v. McEwen,* 160 N. C., p. 419; *Washburn v. Burns,* 34 N. J. L., 18.

4. Lands held by husband and wife as tenants by the entirety are not subject to levy under execution on a judgment rendered against either the husband or the wife alone, nor can the interest of either be thus sold, because the right of survivorship is merely an incident of the estate, and does not constitute a remainder, either vested or contingent; but a judgment rendered against the husband and wife jointly, upon a joint obligation, may be satisfied out of an estate in lands held by them as tenants by the entirety. *Martin v. Lewis,* 187 N. C., 473; 30 C. J., 573.

5. Another peculiar incident of an estate by the entirety is, that if an estate be given to A., B. and C., and A. and B. are husband and wife, nothing else appearing, they will take a half interest in the property and C. will take the other half. *Hampton v. Wheeler,* 99 N. C., 222.

6. Neither the husband nor the wife can convey the estate without the assent of the other, nor is it subject to the lien of a docketed judgment or to be taken for the debt of either party without the assent of the other. *Gray v. Bailey,* 117 N. C., 439; 13 R. C. L., 1127.

The following is taken from the opinion of the Court in *West v. R. R.,* 140 N. C., 620: "Neither husband nor wife during the joint lives can convey or encumber the estate without the assent of the other, nor can a lien be acquired on it without such assent, nor can it be sold under execution." But in *Bynum v. Wicker,* 141 N. C., 95, it was said: "At common law 'the fruits accruing during their joint lives would belong to the husband' (*Simonton v. Cornelius,* 98 N. C., 437), hence the husband could mortgage or convey it during the term of their joint lives, that is, the right to receive the rents and profits; but neither could encumber it or convey it so as to destroy the right of the other, if survivor, to receive the land itself unimpaired. 'He cannot alien or encumber it, if it be a freehold estate, so as to prevent the wife or her heirs, after his death, from enjoying it, discharged from his debts and engagements.' 2 Kent Com., 133; *Bruce v. Nicholson,* 109 N. C., 204."

In *Greenville v. Gornto,* 161 N. C., 342, a lease for ten years made by the husband was held to be valid, the Court saying: "By the overwhelming weight of authority the husband has the right to lease the property so conveyed to him and his wife, which lease will be good against the

wife during coverture, and will fail only in the event of her surviving him," citing a number of authorities.

And again in *Dorsey v. Kirkland,* 177 N. C., p. 523, it is said: "If, as appears from these authorities, the husband has the control and use of the property during the life of his wife, and may deal with it as his own, and if he may execute a valid mortgage or a lease for ten years, we see no reason for refusing to uphold his deed, subject to the limitation that all rights thereunder will cease upon his dying before his wife."

On the other hand, in *Gray v. Bailey,* 117 N. C., 439, the following excerpts were quoted with approval: "They are both necessary to make one grantor, and the deed of either without the other is merely void." *Doe v. Howland,* 8 Cowen, 277. "The sole conveyance of the husband, whether in terms broad or narrow, carries with it no estate, and is a mere nullity, not only as against the wife, but also as against himself." Bishop Law Married Women, 621.

But in *Hood v. Mercer,* 150 N. C., 699, it was said: "It is true that where the husband had conveyed the land by deed with warranty, without the joinder of the wife, and survived her, his grantee acquired title, but this was by way of estoppel." And the following reference was made to the same point in *Bynum v. Wicker, supra:* "Whether, if he should be survivor, his deed is valid as a conveyance of his interest by survivorship, is a point as to which authorities are conflicting, but we are not now called upon to decide that point, as it is not before us." See, also, 30 C. J., 569.

Speaking to this question in *Washburn v. Burns,* 34 N. J. L., 18, the New Jersey Court said: "It is true that the husband cannot alien any part of the estate which he holds in the same right with his wife. To do that would be to sever its unity, and thus destroy its peculiar characteristics. The reason he cannot do this is because it would convert the estate into a tenancy in common, and defeat the right of survivorship. But the husband has an interest which does not flow from the unity of the estate, and in which the wife has no concern. He is entitled to the use and possession of the property during the joint lives of himself and wife. During this period the wife has no interest in or control over the property. It is no invasion of her rights, therefore, for him to dispose of it at his pleasure. The limit of this right of the husband is that he cannot do any act to the prejudice of the ulterior rights of the wife."

7. A lease by the husband alone, without the wife's joinder, is valid during coverture, because he is entitled to the possession, income, increase or usufruct of the property during their joint lives. *Greenville v. Gornto,* 161 N. C., 341; *Simonton v. Cornelius,* 98 N. C., 437. "He is entitled,

DAVIS v. BASS.

during the coverture to the full control and the usufruct of the land to the exclusion of the wife." *West v. R. R.,* 140 N. C., 620. And he is the absolute owner of such rents and profits. *Clapp v. Stoughton,* 10 Pick., 463. The husband was considered the owner of such rents and profits at common law, and none of the properties and incidents of this particular estate have been changed or altered in their nature and character by statute or by constitutional provision in North Carolina. It will be observed that Art. X, sec. 6 of the Constitution deals with the "sole and separate property" of married women; and the Martin Act of 1911 (C. S., 2507) has been construed as not affecting estates held by husband and wife as tenants by the entirety. *Jones v. Smith,* 149 N. C., 317.

The source of this right is stated in 30 C. J., 567, as follows: "The right of the husband at common law to the rents and profits of land held by him and his wife as tenants by the entirety does not spring from the peculiar nature of the estate, and is not an incident thereto, but it is a right which inures to the husband from the general principle of the common law which vests in the husband, *jure uxoris,* the rents and profits of his wife's lands during coverture. In other words the common-law rule that the husband is entitled to rents and profits of his wife's lands is as applicable where she holds a joint title as where she holds sole title."

8. Where an estate is conveyed to a man and woman who are not husband and wife, but who afterwards intermarry, as they took originally by moieties, they will continue to hold said estate by moieties after the marriage. Hence, there is nothing in the relation of husband and wife which prevents them from taking originally and thereafter holding their interests as tenants in common, if they so desire. *Highsmith v. Page,* 158 N. C., 226. The intention appearing, a conveyance may be made to husband and wife as tenants in common; but otherwise they will take by the entirety with right of survivorship. *White v. Goodwin,* 174 N. C., 723; *Holloway v. Green,* 167 N. C., 91. However, in the absence of an expressed contrary intention, a tenancy by the entirety arises whenever an estate is conveyed or devised to two persons, they being, when it is so conveyed or devised, husband and wife. Note, Am. Dec., 378.

Whether husband and wife take as tenants in common or as tenants by the entirety is to be gathered from the instrument which passes the estate to them, and when the intention appears therefrom that they should take an estate as tenants in common, it must prevail, and "such has been the rule from an early period in the history of the English law." *Isley v. Sellers,* 153 N. C., 374; *Fulper v. Fulper,* 54 N. J. Eq., 431.

9. An absolute divorce destroys the unity of husband and wife, and therefore converts an estate by the entirety into a tenancy in common.

*McKinnon v. Caulk,* 167 N. C., 411. But not so in case of divorce *a mensa et thoro,* as such divorce does not destroy the marital relationship of husband and wife. *Freeman v. Belfer,* 173 N. C., 581.

10. It follows necessarily from what is said above that an estate by the entirety is not, and cannot be, subject to dower or curtesy. *Agar v. Streeter,* 183 Mich., 600; *Donovan v. Griffith,* 215 Mo., 149.

11. While the husband is entitled to the possession of an estate held by the entirety and to take the rents and profits arising therefrom during coverture, with immunity of said estate from attachment or sale under execution, yet in a proceeding for alimony without divorce under C. S., 1667, the usufruct of the property may be subjected to the payment of an award for the wife's reasonable subsistence and that of the children of the marriage, together with counsel fees as allowed by ch. 123, Public Laws, 1921. *Holton v. Holton,* 186 N. C., 355. This is not a judgment on a "debt" of the husband in the ordinary sense of the word, but an appropriation or allotment under the police power. *Anderson v. Anderson,* 183 N. C., 143. And to satisfy such a judgment, possession for a time of a reasonable part of the estate may be assigned to the wife. *Holton v. Holton, supra.*

12. Neither party is entitled to partition. *Jones v. Smith,* 149 N. C., 317; 13 R. C. L., 1116.

In 1 Washburn on Real Property (5 ed.), p. 706, it is said: "A still more peculiar joint estate is that which belongs to a husband and wife, where the same is conveyed to them as such. If a man and woman, tenants in common, marry, they will continue to hold in common. But if the estate is conveyed to them originally as husband and wife, they are neither tenants in common nor properly joint tenants, though having the right of survivorship, but are what are called *tenants by entirety.* While such estates have, like a joint tenancy, the quality of survivorship, they differ from that in this essential respect, that neither can convey his or her interest so as to affect the right of survivorship in the other. They are not seized, in the eye of the law, of moieties, but of entireties. In such cases, the survivor does not take as a new acquisition, but under the original limitation, his estate being simply freed from participation by the other; so that if, for instance, the wife survives and then dies, her heirs would take to the exclusion of the heirs of the husband. Nor can partition be made of the estate."

13. It has been held that an action by husband and wife, involving title or possession to lands held by the entirety, will not be barred by the statute of limitations as to one unless it bars both. *Johnson v. Edwards,* 109 N. C., 466.

14. A sale by husband and wife and a division of the proceeds ends an estate by the entirety. *Moore v. Trust Co.,* 178 N. C., 118. But it may

be otherwise where sale is made and one dies before division of purchase money. *Isley v. Sellars,* 153 N. C., p. 378.

15. A tenancy by the entirety may exist in lands whether the estate be in fee, for life, or for years, and whether the same be in possession, reversion, or remainder (30 C. J., 566); but in this jurisdiction it is held that there can be no estate by the entirety in personal property. *Turlington v. Lucas,* 186 N. C., 283.

16. Where land is conveyed or devised to a husband and wife for and during the term of their natural lives, or during the life of the survivor, with remainder to their heirs in fee, said husband and wife, under the rule in *Shelley's case,* take a fee-simple estate as tenants by the entirety in the property so conveyed or devised. *Roberson v. Griffin,* 185 N. C., 38.

17. The above rules apply to devises to husband and wife, and also to contracts to convey land to husband and wife. *Stamper v. Stamper,* 121 N. C., 252. They likewise apply to a gift or devise to husband and wife "during their natural lives." *Simonton v. Cornelius, supra.*

Bearing in mind the above characteristics and incidents of an estate held by husband and wife as tenants by the entirety, we think it is clear that the trust deed made by plaintiff and her husband to W. T. Bass, trustee, for the use and benefit of plaintiff's husband, is such a contract between a husband and wife, affecting the real estate of the wife, as comes within the provisions of C. S., 2515, requiring the probate officer, as a condition precedent to the validity of the conveyance, to certify in his certificate of probate that, at the time of its execution and the wife's privy examination, such contract was "not unreasonable or injurious to her." This having been omitted, in the instant case, the deed in question is void as to the plaintiff. *Singleton v. Cherry,* 168 N. C., 402. See, also, *Sims v. Ray,* 96 N. C., 87.

In *Needham v. Branson,* 27 N. C., 426, a deed of trust was executed by John Needham and wife to Hugh Maffitt, in which the grantors undertook to convey lands held by them as tenants by the entirety, to secure the payment of a debt; but as to this deed of trust, the wife was not privily examined. There was a foreclosure under the power of sale and the defendants held directly or by mesne conveyances from the trustee. Thereafter, upon the death of John Needham, his wife brought suit to recover the lands, alleging that the deed of trust to Maffitt was void and that she was entitled to the whole estate as survivor of her husband. Plaintiff was allowed to recover. *Daniel, J.,* speaking for the Court, said: "The deed to Maffitt did not convey Mrs. Needham's interest in the land, as she was not privily examined, as the law directs."

In *Cornith v. Emery,* 63 Vt., 505, speaking of the character of the wife's interest in lands held by the entirety, it was said: "Such an

14—188

estate is the real estate of a married woman, although her husband is joined with her in the title. It is the real estate of each." And in *Bynum v. Wicker,* 141 N. C., 95, it was held that a conveyance of lands held by the entirety, executed by the husband alone, would give the grantee no right to cut the timber standing thereon.

A tenant by the entirety has been held to be a freeholder within the meaning of that term in a statute relating to public improvements on the petition of a certain number of freeholders. *Maitlen v. Barley,* 174 Ind., 620; *Hinkley v. Bishopp,* 152 Mich., 256.

The judgment in favor of plaintiff must be upheld.

Affirmed.