WINCHESTER-SIMMONS COMPANY AND H. P. WHITEHURST, RECEIVER OF L. H. CUTLER, SR., v. L. H. CUTLER, SR., AND MISS LAURA A. ROBERTS.

(Filed 12 November, 1930.)

1. **Execution B a—Land held by husband and wife by entireties is not subject to execution on several judgments against either.**

   Lands devised or conveyed to husband and wife as such carries to them the title by entirety and is not subject to execution of a judgment against either of them severally during their joint lives, the principle of *jus accrescendi* applying.

2. **Husband and Wife G a—Deed by husband and wife to land held by entirety carries title to grantee free from judgment lien against one of them.**

   In the absence of fraud which would vitiate their deed a conveyance of land executed and delivered by husband and wife to lands held by them in entirety conveys the entire title to the lands to their grantee not subject to execution under a judgment against only one of them.

3. **Fraudulent Conveyances A c—Creditor of husband may not set aside deed of husband and wife, the wife and grantee having no fraudulent intent.**

   Where a husband induces his wife to join in a sufficient deed to their daughter conveying lands held by them in entirety with the purpose unknown to the wife and their grantee of defeating the levy under a judgment of his creditor, his judgment creditor then having no right of execution against the land cannot be defrauded of a right, and the wife and their grantee being free from fraudulent intent, the conveyance is not subject to be defeated on the ground that it was executed in fraud of the rights of his personal judgment creditor.

4. **Husband and Wife G a—Husband may convey his interest in land held by entireties without imputation of fraud as against his judgment creditor.**

   During their joint lives the husband has only a possibility of acquiring the full title to lands held by them in entireties, and such interest is not subject to a lien by virtue of a judgment against him alone, and he may convey this interest that he has without imputation of fraud against his judgment creditor.

5. Fraudulent Conveyances A c—In this case held: there was no allega-
tion that grantee took title impressed with trust, and Davis v. Bass
does not apply.

Where it appears in the complaint in an action to subject lands to a
levy under a judgment against the husband alone that the husband
and wife had held the lands by entireties and had conveyed a good and
sufficient fee-simple title to their granddaughter by their joint conveyance,
there is no sufficient allegation that their grantee took the title impressed
by a trust. *Davis v. Bass*, 188 N. C., 200, cited and distinguished.

APPEAL by plaintiffs from *Barnhill, J.,* at May Term, 1930, of
CRAVEN. Affirmed.

This action was heard on defendant's demurrer to the complaint filed
therein by the plaintiffs. The facts alleged in the complaint and ad-
mitted by the demurrer are as follows:

The plaintiff, Winchester-Simmons Company, is a judgment creditor
of the defendant, L. H. Cutler, Sr. Its judgment for the sum of
$2,842.08, with interest and cost, was duly docketed in the office of the
clerk of the Superior Court of Craven County on 21 September, 1925.
An execution issued on said judgment on 1 July, 1927, was returned by
the sheriff of Craven County unsatisfied.

The plaintiff, H. P. Whitehurst, was duly appointed receiver of the
defendant, L. H. Cutler, Sr., in certain proceedings instituted by the
plaintiff, Winchester-Simmons Company, on 1 August, 1927, supple-
mental to said execution. No payment has been made on said judg-
ment by the defendant, L. H. Cutler, Sr., or by the said receiver out of
any property which has come into his hands. The full amount of said
judgment, with interest and cost, is now due and unpaid.

During the month of October, 1926, Mrs. Sarah E. Wadsworth died
in Craven County, having first made and published her last will and
testament, which has since been duly probated and recorded. By said
last will and testament the testatrix gave and devised to the defendant,
L. H. Cutler, Sr., and his wife, Mrs. Laura D. Cutler, the lot of land
described in the complaint. The said lot of land is situate in the city
of New Bern, in Craven County. By said devise, the said L. H.
Cutler, Sr., and his wife, Mrs. Laura D. Cutler, took and held an
estate by the entirety in said lot of land.

On 5 June, 1928, the said L. H. Cutler, Sr., and his wife, Mrs. Laura
D. Cutler, conveyed the lot of land devised to them, as tenants by the
entirety, to the defendant, Miss Laura A. Roberts, their granddaughter.
The deed by which said lot of land was conveyed was executed by both
L. H. Cutler, Sr., and Mrs. Laura D. Cutler. They conveyed said lot
of land without receiving therefor any valuable consideration from
Miss Laura A. Roberts. The consideration recited in said deed is, "ten
dollars and other valuable considerations."

At the date of said deed the plaintiffs were prosecuting certain actions and proceedings to subject to the payment of the judgment owned by the plaintiff, Winchester-Simmons Company, and against the defendant, L. H. Cutler, Sr., the interest of said defendant in certain bonds which had been given and bequeathed by Mrs. Sarah E. Wadsworth, by her last will and testament, to said defendant and his wife, Mrs. Laura D. Cutler. The said L. H. Cutler, Sr., was contesting the right of plaintiffs to recover in said actions and proceedings. He was advised that if he survived his wife, who was then in bad health, he would become the owner, by virtue of such survivorship, of the lot of land in which he and his said wife then had an estate by the entirety, and that said lot of land would in that event become subject to the lien of the docketed judgment owned by the plaintiff, Winchester-Simmons Company, against him, and to sale under execution for the satisfaction of said judgment.

The purpose of the defendant, L. H. Cutler, Sr., in executing the deed by which said lot of land was conveyed to his granddaughter, the defendant, Miss Laura A. Roberts, and in procuring his wife, Mrs. Laura D. Cutler, to join him in the execution of the same, was to convey the title to said lot of land to his said granddaughter, in order that in the event he should survive his wife, the said granddaughter might hold the title to the said lot of land, and thereby prevent the said judgment from becoming a lien on said lot of land. It was his purpose by said conveyance to defeat the right of the plaintiffs to have said lot of land sold under execution for the satisfaction of said judgment, in the event he should become the owner thereof by survivorship. Neither Mrs. Laura D. Cutler, nor the defendant, Miss Laura A. Roberts, participated or shared with the said L. H. Cutler, Sr., in said purpose. Neither of them knew his purpose in executing said deed, or in procuring his wife to join him in the execution of the same. Since the execution of said deed, Mrs. Laura D. Cutler has died, leaving surviving her husband, the defendant, L. H. Cutler, Sr.

On the foregoing facts alleged in their complaint, plaintiffs demanded judgment that the deed executed by L. H. Cutler, Sr., and his wife, Mrs. Laura D. Cutler, by which the lot of land described in the complaint was conveyed by them to the defendant, Miss Laura A. Roberts, be declared void, as to the plaintiffs, and that said lot of land be subjected to the payment of the judgment now owned by the plaintiff, Winchester-Simmons Company against the defendant, L. H. Cutler, Sr.

The court was of opinion that the facts stated in the complaint are not sufficient to constitute a cause of action on which the plaintiffs are entitled to the relief demanded in this action, and that the demurrer should be sustained.

From judgment in accordance with this opinion, dismissing the action, plaintiffs appealed to the Supreme Court.

*Ernest M. Green for plaintiff.*
*Whitehurst & Barden and Ward & Ward for defendants.*

CONNOR, J. In *Davis v. Bass,* 188 N. C., 200, 124 S. E., 566, it is said: "When land is conveyed or devised to a husband and wife as such, they take the estate so conveyed or devised, as tenants by the entirety, and not as joint tenants or tenants in common. *Harrison v. Ray,* 108 N. C., 215. This tenancy by the entirety takes its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. The estate rests upon the doctrine of the unity of person, and, upon the death of one, the whole belongs to the other, not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each grantee. *Long v. Barnes,* 87 N. C., 329; *Bertles v. Nunan,* 92 N. Y., 152. These two individuals, by virtue of their marital relationship, acquire the entire estate, and each is deemed to be seized of the whole and not of a moiety or an undivided portion thereof. They are seized of the whole, because at common law they were considered but one person; and the estate thus created has never been destroyed or changed by statute in North Carolina. *Freeman v. Belfer,* 173 N. C., 587. It still possesses here the same properties and incidents as at common law. *Bynum v. Wicker,* 141 N. C., 95. The act abolishing survivorship in joint tenancies in fee (C. S., 1735), does not apply to tenancies by entirety. *Motley v. Whitemore,* 19 N. C., 537. A joint estate is distinguished by the four unities of time, title, interest and possession *(Moore v. Trust Co.,* 178 N. C., p. 124); and it has been held that in tenancies by the entirety, a fifth unity is added to the four common-law unities recognized in joint tenancies, to wit, unity of person. *Topping v. Sadler,* 50 N. C., 357."

Two of the properties or incidents of this estate which, in view of changes in the law in conformity with changes in social conditions, has been declared by this Court to be an anomaly, are stated in *Davis v. Bass* as follows:

"4. Lands held by husband and wife as tenants by the entirety are not subject to levy under execution on a judgment rendered against either the husband or the wife alone, nor can the interest of either be thus sold, because the right of survivorship is merely an incident of the estate, and does not constitute a remainder, either vested or contingent; but a judgment rendered against the husband and wife jointly, upon a joint obligation, may be satisfied out of an estate in lands held by them as tenants by the entirety. *Martin v. Lewis,* 187 N. C., 473, 30 C. J., 573."

"14. A sale by husband and wife and a division of the proceeds ends an estate by the entirety. *Moore v. Trust Co.,* 178 N. C., 118."

Because of the nature of the estate, acquired by the defendant, L. H. Cutler, Sr., and his wife in the lot devised to them as tenants by the entirety, by Mrs. Sarah E. Wadsworth, and of the properties and incidents of said estate, the judgment in favor of the plaintiff, Winchester-Simmons Company and against the defendant, L. H. Cutler, Sr., was not a lien on said lot at any time during the joint lives of said L. H. Cutler, Sr., and his wife, Mrs. Laura D. Cutler, nor was said lot subject to sale under execution for the satisfaction of said judgment during said time. In *Bruce v. Nicholson,* 109 N. C., 202, 13 S. E., 790, it is said: "As we have seen, the husband, who is the judgment debtor in this case, had no interest in the land that he could dispose of, nor that was subject to sale under execution or any legal process. A sale would be ineffectual. The possibility that the husband might survive his wife and thus become the sole owner of the property, was not the subject of sale or lien. This did not constitute or create any present estate, legal or equitable, any more than a contingent remainder or any other mere prospective possibility. *Bristol v. Hallyburton,* 93 N. C., 384."

If the deed executed by L. H. Cutler, Sr., and his wife, Mrs. Laura D. Cutler, by which they jointly conveyed the lot of land described in the complaint to the defendant, Miss Laura A. Roberts, is valid, although the defendant, L. H. Cutler, Sr., has survived his wife, he had no interest or estate in said lot of land, at the commencement of this action, to which said judgment could attach as a lien, or which was subject to sale under execution for the satisfaction of said judgment. The lot of land was conveyed by both L. H. Cutler, Sr., and his wife, Laura D. Cutler; each at the date of their deed was seized of the whole estate in said lot, and not of a moiety, or of an undivided portion thereof. *Davis v. Bass, supra.* It is expressly alleged in the complaint that Mrs. Laura D. Cutler did not participate or share with her husband in his purpose by the execution of said deed to hinder, delay and defraud the plaintiffs. She, at least, with the joinder of her husband, had the right to convey said lot of land to her granddaughter. The purpose of her husband, who at the date of the deed had the same interest in the land as she had—no more and no less—not disclosed to her, could not render the deed void as to her.

Nor can it be held on the facts alleged in the complaint that the purpose of L. H. Cutler, Sr., in executing the deed, and thereby joining with his wife in the conveyance of the land, was fraudulent, thus rendering the deed void. In *Teague v. Downs,* 69 N. C., 280, it is said that as creditors of a husband had no right to subject his estate by the

curtesy in lands owned by his wife, to the satisfaction of his debts, during the life of the wife, he was at liberty, if so minded, to surrender his estate in said land, and that such surrender could not be held fraudulent as to his creditors. See, also, *Dortch v. Benton,* 98 N. C., 190, 3 S. E., 638, in which it was held that as a debtor's homestead is not subject to sale under execution on a judgment against him, his conveyance of the homestead was not fraudulent as to his creditors, although it was otherwise as to a conveyance of the land subject to the homestead. At the date of the deed from L. H. Cutler, Sr., and his wife, Laura D. Cutler, to their granddaughter, L. H. Cutler, Sr., had no interest in the land conveyed by the deed, present or prospective, which was subject to sale for the satisfaction of the judgment against him, then owned by the plaintiff, Winchester-Simmons Company; he had only a possibility of owning such interest or estate, contingent upon the uncertainty of his surviving his wife. This was not such an interest or estate as could be sold under execution for the satisfaction of the judgment. *Bruce v. Nicholson, supra.* His conveyance of the land, with the joinder of his wife, thus surrendering his right to an estate in the land, upon his survivorship, was not fraudulent as to the plaintiffs.

It does not appear from the allegations of the complaint that the defendant, Miss Laura A. Roberts, took the title to the land conveyed to her, with a trust impressed upon her title, by the terms of the deed, or by parol. It is expressly alleged in the complaint that she did not participate, or share with the defendant, L. H. Cutler, Sr., in the purpose with which it is alleged he executed the deed. The decision of this Court in *Davis v. Bass, supra,* is, therefore, not controlling in the instant case.

We concur in the opinion of the Superior Court that the facts alleged in the complaint are not sufficient to constitute a cause of action on which plaintiffs are entitled to relief in this action. The judgment is

Affirmed.