R. E. EDWARDS AND WIFE, ANNIE BELLE EDWARDS v. FLOYD J.
ARNOLD AND WIFE, MARY N. ARNOLD, AND BLADEN COUNTY.

(Filed 12 June, 1959.)

1. **Quieting Title § 2—**

    In action to quiet title, defendants' pleas of the bar of the statute of
    limitations and the acquisition of title by them by adverse possession are
    affirmative defenses and not a cross-action.

2. **Husband and Wife § 15—**

    In an estate by the entireties, husband and wife are each seized of
    the entire estate and neither owns a divisible interest.

3. **Same:    Judicial Sales § 7:    Taxation § 40c—**

    Where tax foreclosure proceedings under G.S. 105-392 are instituted
    in regard to land held by husband and wife by the entireties but the
    proceedings are solely against the husband without notice to the wife,
    the tax sale on the certificate-judgment is wholly ineffectual, since the
    wife is not bound thereby and the husband has no divisible interest in
    the property which is subject to execution.

4. **Judicial Sales § 7:    Taxation § 40c—**

    Purchasers at a tax foreclosure sale and those claiming under them
    are charged with notice of vitiating defects appearing on the face of
    the record itself.

**5. Taxation § 40g:    Quieting Title § 2—**

G. S. 1-52, (10), is not applicable to actions to remove a cloud on title.

**6. Trial § 26—**

A judgment as of nonsuit should merely dismiss the action, and it is error for the judgment to go further and purport to adjudicate the rights of the parties without the establishment of the predicate facts by stipulation, verdict or otherwise.

APPEALS by plaintiff R. E. Edwards and by defendants from *Carr, J.,* November Term, 1958, of BLADEN.

Civil action under G.S. 41-10 to remove clouds from plaintiffs' alleged title to real property.

The subject property consists of two separately described tracts of land in Turnbull Township, Bladen County, containing 65 acres, more or less, and 62 acres, more or less, respectively.

Defendants denied plaintiffs' title. They alleged defendants Arnold acquired title to and now own the subject property under a tax foreclosure proceeding conducted in accordance with Section 1720, Chapter 310, Public Laws of 1939, which, as amended, is now codified as G.S. 105-392, and under deeds referred to below. In addition, they pleaded *in bar* of plaintiffs' action (1) the one-year limitation prescribed in G.S. 105-393, (2) the three-year limitation prescribed in G.S. 1-52, subsection 10, and (3) adverse possession under color of title for more than seven years.

Plaintiffs alleged the tax foreclosure proceeding, in particulars set forth, did not comply with the requirements of G.S. 105-392. They alleged further that G.S. 105-392, if construed to authorize a judgment, execution and sale of an interest in property without the joinder of or notice to the owner thereof, is in conflict with Article 1, Section 17, of the Constitution of North Carolina.

The facts alleged by defendants are set forth in "A FURTHER ANSWER AND DEFENSE." Defendants' prayer for relief is that plaintiffs (1) take nothing by reason of their action, (2) that the costs be taxed against plaintiffs, and (3) that defendants have and recover from plaintiffs such other and further relief as defendants may be entitled to receive in the premises.

To establish title, plaintiffs introduced deed dated September 18, 1937, recorded in Book 100, page 160, Bladen County Registry, which describes and conveys the subject property, executed and delivered by M. M. Sandy and wife, Ethel Sandy, to R. E. Edwards and wife, Annie Belle Edwards, "of Sampson County," plaintiffs herein. (It was stipulated that the subject property had been

conveyed to A. P. Smith by deed dated April 12, 1882, recorded in Book 4, page 469, said registry.)

Plaintiffs then introduced, for the purpose of attack, "the entire proceedings on file in the office of the Clerk of the Superior Court of Bladen County in that certain tax foreclosure proceeding entitled '*Bladen County v. R. E. Edwards*'" and the deeds under which defendants Arnold assert title.

The tax foreclosure proceeding discloses the facts narrated in the following numbered paragraphs.

1. The Tax Collector of Bladen County filed with the said clerk a certificate dated May 4, 1945, setting forth that taxes for the years 1938-1944, inclusive, in the amount of $177.38, inclusive of principal, interest, penalties and costs, "are due and owing to the said County by R. E. Edwards" and constitute a lien on the real estate in Turnbull Township, listed in the name of R. E. Edwards, to wit: "125 acres, A. P. Smith land." This certificate was docketed as a judgment on May 5, 1945.

2. A minute entry indicates that an execution was issued July 19, 1946. This execution, if issued, is not in the file. Nothing indicates that any action was taken thereunder.

3. An alias execution was issued January 25, 1947, which commands the Sheriff of Bladen County "to satisfy the said judgment out of the personal property of the said defendant within your county, or if sufficient personal property cannot be found, then out of the real property in your county belonging to such defendant."

4. The sheriff's return, dated January 31, 1947, endorsed on said alias execution, consists of these words: "After a due and diligent search R. E. Edwards not to be found in Bladen County."

5. An unnotarized purported "Affidavit of Publication" wherein the business manager of The Bladen Journal states that the notice of sale, described in the next paragraph, was published in said newspaper once a week for four consecutive weeks "in its issues of March 13, 20, & 27, and April 3, 1947."

6. Notice of sale by J. B. Allen, Sheriff, setting forth that, by virtue of an execution directed to him by said clerk in the action entitled "*Bladen County vs R. E. Edwards*," he would, "on Monday, the 7th day of April, 1947, at 12 o'clock p.m., at the courthouse door of said county, sell to the highest bidder for cash to satisfy said execution, *all the right, title and interest which the said R. E. Edwards, the defendant, has* in the following described real estate, to wit: 125 acres A. P. Smith land in Turnbull Township as listed

for taxation for the years 1938, 1939, 1940, 1941, 1942, 1943 and 1944 in the Public Registry of Bladen County." (Our italics)

These facts were stipulated: (a) By registered letter dated April 12, 1945, to R. E. Edwards, Roseboro, N. C., the tax collector notified said addressee that the certificate described in paragraph 1 above would be filed. (b) A copy of the notice of sale described in paragraph 6 above "was mailed by the Tax Collector of Bladen County on March 3, 1947, to R. E. Edwards, Roseboro, North Carolina, as provided by law, except the same was not sent by registered or certified mail."

By deed dated April 28, 1947, recorded in Book 118, page 403, said registry, J. B. Allen, Sheriff of Bladen County, purported to convey to Bladen County, its successors and assigns, land in Turn-bull Township described therein as follows: "125 acres, more or less, A. P. Smith land; being all of the land owned and listed for taxation in the years 1938 through 1944 by R. E. Edwards in said Township, County and state, and being more particularly described in a deed dated the 18th day of September, 1937, from M. M. Sandy, et ux, *to R. E. Edwards, et ux,* and recorded in Book 100 at page 160, Registry of Bladen County." (Our italics) This deed recites that the sheriff, pursuant to said judgment and execution, sold the real estate therein described on April 7, 1947, and that Bladen County became the last and highest bidder at its bid of $253.42.

By deed dated May 5, 1947, recorded in Book 118, page 352, said registry, the County of Bladen, a body corporate, purported to convey to W. P. Smith, his heirs and assigns, the subject property. The description in this deed consists of that, quoted above, appearing in the sheriff's deed to Bladen County, *and in addition thereto* the more particular description appearing in the deed dated September 18, 1937, from M. M. Sandy and wife, Ethel Sandy, to R. E. Edwards and wife, Annie Belle Edwards, the latter being the description of the subject property set forth in the complaint.

By warranty deed dated March 5, 1956, recorded in Book 133, page 186, said registry, W. P. Smith (single) purported to convey to Floyd J. Arnold and wife, Mary N. Arnold, defendants herein, their heirs and assigns, 1156 acres, more or less, described therein by metes and bounds as a single tract, of which approximately 346 acres is located in Beaverdam Township, Cumberland County, and the remainder is located in Turnbull Township, Bladen County. It was stipulated that the subject property is within the outer boundaries of the 1156-acre tract described in said deed.

Evidence was offered by defendants for the purpose of showing adverse possession by W. P. Smith and later by defendants Arnold.

Defendants offered evidence that the property was on the Tax Books of Bladen County "as 125 acres A. P. Smith lands' for the years 1939-1946, inclusive, in the name of R. E. Edwards, Roseboro, N. C., but that R. E. Edwards did not pay the taxes or any part thereof; that the taxes through 1946 were paid out of the proceeds of the sale in 1947 to W. P. Smith; and that the subject property was listed thereafter and the taxes thereon paid by W. P. Smith or Floyd J. Arnold.

Plaintiffs offered no further evidence. No issues were tendered or submitted.

The case on appeal shows: At the close of the defendants' evidence, *plaintiffs* moved for a directed verdict in their favor. Motion denied. Plaintiffs excepted. At the close of all the evidence, *defendants* moved for judgment of nonsuit on the ground that plaintiffs' action was barred by G.S. 1-52(10). Motion allowed as to plaintiff R. E. Edwards and he excepted. Motion denied as to plaintiff Annie Belle Edwards and defendants excepted.

The judgment recites that plaintiffs renewed "said motion" at the close of *all the evidence;* that the court then intimated plaintiffs' motion would be allowed unless the court was convinced that G.S. 105-392 was unconstitutional; and that, by consent, the entry of appropriate judgment was deferred. The judgment discloses that the court reached the conclusion that G.S. 105-392 was constitutional and valid "insofar as the interest of R. E. Edwards is concerned," but that, as to the interest of Annie Belle Edwards, said statute is unconstitutional as violative of Article 1, Section 17, of the Constitution of North Carolina, and, as to her, the tax foreclosure proceeding and the sale thereunder are void.

The judgment contains these adjudications, viz.:

"It is therefore ordered, adjudged and decreed that the action be dismissed as to the cause of action of the plaintiff R. E. Edwards, and that he has no interest in said land, and that the defendants' title to his interest in said land is valid and the said R. E. Edwards is barred from any right, claim or interest in the same.

"It is further ordered, adjudged and decreed that as to the interest of the plaintiff Annabel *(sic)* Edwards in said land, she is not barred by the sale of said land under execution and that she holds her interest in the same unaffected by said sale and the defendants are not the owners of her interest in said land.

"It is ordered that the plaintiff R. E. Edwards pay the cost of this action."

Plaintiff R. E. Edwards and defendants excepted and appealed, assigning as error the respective adverse rulings and adjudications.

*Clark, Clark & Grady for plaintiffs.*
*Leon D. Smith and Hester & Hester for defendants.*

BOBBITT, J.   The judgment recites that plaintiffs' motion "for judgment of nonsuit on defendants' cross action" was denied at the close of defendants' evidence but allowed "at the close of all the evidence." Affirmative defenses, not a cross action, were pleaded by defendants. In view of the quoted adjudications, this recital in the judgment would seem only to reflect a ruling by the court that defendants' evidence was not sufficient to require submission of an issue relating to defendants' alleged adverse possession under color of title for more than seven years. Since, for reasons stated below, the cause is remanded for trial *de novo*, we do not discuss defendants' contention that such issue should have been submitted.

Now we consider the legal effect, if any, of the tax foreclosure proceeding, the principal subject of controversy.

G.S. 105-392(a) provides, in part, that the certificate of the tax collector, when docketed in the manner prescribed "shall constitute a valid judgment against said property, with the priority hereinbefore provided for tax liens, which said judgment, except as herein expressly provided, shall have the same force and effect as a duly rendered judgment of the superior court directing sale of said property for the satisfaction of the tax lien, . . ." G.S. 105-392(c) provides, in part, that "execution shall be issued . . . in the same manner as executions are issued upon other judgments of the superior court, and said property shall be sold by the sheriff in the same manner as other property is sold under execution: Provided, that no debtor's exemption shall be allowed; . . ."

According to the deed introduced by plaintiffs, the title to the subject property vested in R. E. Edwards and wife, Annie Belle Edwards, as tenants by the entirety. *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566, and *Johnson v. Leavitt,* 188 N.C. 682, 125 S.E. 490, where the distinctive properties and incidents of an estate by the entirety are set forth.

In such estate, the husband and wife are deemed to be seized of the entirety, *per tout et non per my.* The entire estate is a unit. Neith-

er husband nor wife owns a *divisible* part. *Davis v. Bass, supra; Gray v. Bailey*, 117 N.C. 439, 23 S.E. 318.

"Land held by husband and wife as tenants by the entirety are not subject to levy under execution on a judgment rendered against either the husband or the wife alone, nor can the interest of either be thus sold, because the right of survivorship is merely an incident of the estate, and does not constitute a remainder, either vested or contingent, . . ." *Johnson v. Leavitt, supra*. "The possibility that the husband might survive his wife and thus become the sole owner of the property, was not the subject of sale or lien. This did not constitute or create any present estate, legal or equitable, any more than a contingent remainder or any other mere prospective possibility." *Bruce v. Nicholson*, 109 N.C. 202, 13 S.E. 790.

"During the wife's life the husband has no such interest as is subject to levy and sale to satisfy a judgment against him." *Hood v. Mercer*, 150 N.C. 699, 64 S.E. 897; *Davis v. Bass, supra; Winchester-Simmons Co. v. Cutler*, 199 N.C. 709, 155 S.E. 611; *Air Conditioning Co. v. Douglass*, 241 N.C 170. 84 S.E. 2d 828.

In *Johnson v. Leavitt, supra*, a deed executed by husband and wife, tendered as compliance with their contract to sell their estate by the entirety, was held sufficient to convey a good title free and clear of judgment liens against the husband.

True, a *joint* judgment against both husband and wife constitutes a lien on their estate by the entirety, *Finch v. Cecil*, 170 N.C. 72, 86 S.E. 992, and their land may be sold under execution to satisfy such judgment, *Martin v. Lewis*, 187 N.C. 473, 122 S.E. 180. See *Distributing Co. v. Carraway*, 189 N.C. 420, 127 S.E. 427.

Too, a conveyance by one spouse to another of land owned by them as tenants by the entirety, when the requirements of the law are complied with in the execution thereof, is valid *as an estoppel. Jones v. Lewis*, 243 N.C. 259, 262, 90 S.E. 2d 547, and cases cited. In this connection, see *Davis v. Bass, supra*, p. 206, and cases cited.

Based upon the authorities cited, it must be held that R. E. Edwards had no (divisible) interest in the subject property that was subject to sale under judgment and execution against him alone. Hence, the sheriff's purported sale was void. While his deed to Bladen County purported to convey *the property* described therein, his authority to convey was limited to that conferred upon him by the judgment, the execution and by his own advertisement and sale.

Persons who assert title under a sheriff's deed made pursuant to a tax foreclosure proceeding under G.S. 105-392 are charged with notice of what appears in the records comprising such proceeding. *Wil-*

*mington v. Merrick*, 234 N.C. 46, 65 S.E. 2d 373; *Boone v. Sparrow,* 235 N.C. 396, 403-404, 70 S.E. 2d 204. ·

Defendants pleaded the limitations prescribed in G.S. 105-393 and in G.S. 1-52(10) in bar of plaintiffs' action. We need not determine whether either of these statutes would apply if the sheriff had advertised and sold *the property* described in his advertisement. Suffice to say, they do not apply when it appears on the face of the record that all he purported to sell was the right, title and interest of R. E. Edwards therein. Neither Bladen County nor subsequent grantees could succeed to R. E. Edwards' status in respect of an estate by the entirety. As to G.S. 1-52(10), as applicable to an action to remove a cloud from a title, see *Price v. Slagle*, 189 N.C. 757, 765, 128 S.E. 161, and cases cited; *Bailey v. Howell*, 209 N.C. 712, 184 S.E. 476.

Having decided that, upon the evidence presented, the sheriff's deed was void and conveyed no title, we pass, without consideration, whether the procedure followed in the tax foreclosure proceeding complied with G. S. 105-392 and whether G. S. 105-392, in the respect challenged, is unconstitutional. However, it is noted that Annie Belle Edwards was not a party to the tax foreclosure proceeding nor does it appear that she was notified concerning any feature thereof. It is noted further: Nothing in the tax foreclosure proceeding indicates a prior sale of the tax lien for any of the years 1938-1944, inclusive, under G. S. 105-387. See G. S. 105-392(a) which authorizes the docketing of certificate (judgment) within prescribed time "following the collector's sale of certificates"; also, see *Boone v. Sparrow, supra,* Compare G. S. 105-391(c).

Plaintiffs do not attack the validity of the tax liens. Questions relating to the rights of defendants arising from the payment of taxes constituting liens on the subject property, for which plaintiffs were liable, are not presented by the pleadings or by this appeal.

Upon the evidence presented, we are of opinion, and so hold, that plaintiff Annie Belle Edwards is not barred by the tax foreclosure proceeding or otherwise; and, as to her, the court properly denied defendants' motion for judgment of nonsuit.

Upon the evidence presented, we are of opinion, and so hold, that plaintiff R. E. Edwards is not barred by the tax foreclosure proceeding or otherwise; and, as to him, the court erred in ruling, in effect, that defendants were entitled to judgment of nonsuit.

The facts were not stipulated or otherwise established. The judgment is predicated on evidence rather than on findings. There was no factual basis for a final definitive adjudication of the ultimate rights of the respective parties. It seems appropriate, therefore, that

the judgment be vacated and the cause remanded for trial *de novo* consistent with the law as stated herein.

Error and remanded.