Daniel, J.
 

 To sustain trespass, the injury must in general be immediate, and committed with force, either actual or implied. If the injurious act be the immediate result of the force originally applied by the defendant, and the plaintiff be injured thereby, it is the subject of an action of trespass
 
 vi et armis,
 
 by all the eases both ancient and modern, and it is immaterial whether the injury be
 
 wilful or not. Leame
 
 v
 
 Bray,
 
 3 East’s Rep. 599 ; 2 Leigh’s N. P. 1402. We think that the charge of the Judge was incorrect, when he said “that the plaintiff could not recover, unless the tree was designedly or carelessly felled by the defendant, so as to fall on the plaintiff’s land, or that, by falling on the plaintiff’s land, it had fallen on his grass or vegetable growth of some kind.” The ground of the action, Q, C. F. is the injury to the possession, (3 Black. Com. 210; 1 Term R. 480,) and that, whether the injury extends to the plaintiff’s land in the mineral or vegetable kingdom. Is not the felling of trees on a person’s land and encumbering it with rubbish an injury to the possession ? We think it is. Where a master ordered his servant to lay down a quantity ojf rubbish near his neighbor’s wall, but so that it might not touch the same, and the servant used ordinary care in executing the orders of his master, but some of the rubbish naturally ran from the pile against the wall, it was held that the master was liable in trespass.
 
 Gregory
 
 v
 
 Piper,
 
 17 Eng. C. L. Rep. 454.
 

 We are of the opinion that there must be a new trial.
 

 Per Curiam. New trial awarded.