MARTHA D. HOLLOWAY ET AL. V. D. R. GREEN.

(Filed 28 October, 1914.)

1. **Deeds and Conveyances—Intent—Estates—Husband and Wife—Tenants in Common.**

   A deed is interpreted as a whole to ascertain its intent, and the common-law rule as to the formal parts does not now obtain. Therefore, when thus construing a conveyance of land to husband and wife, it appears that they do not take the estate in entireties, but as tenants in common, the law of *jus accrescendi* does not apply.

2. **Deeds and Conveyances—Interpretation—Presumptions—Fee Simple—Interpretation of Statutes—Restraint on Alienation.**

   Our statute, Revisal, sec. 946, provides that conveyances of land, without the use of the words "heirs," etc., are to be construed in fee, unless it clearly appears from the wording of the conveyance that an estate of less dignity was intended; and where a conveyance is thus construed to be in fee, any attempt of restraint upon alienation is void, but where relevant, the words therein used may be construed to ascertain whether the intent of the grantor was to convey a fee or an estate of less dignity.

3. **Same—Husband and Wife—Tenants in Common.**

   A conveyance of land, in the habendum, reserved possession in the grantor until the happening of a certain event, and then the possession to go to the grantees, husband and wife, "with the further limitation that neither party of the second part shall sell his or her one-half interest in the said land while the other is living, but, at the death of either, the survivor may dispose of his or her interest in fee, the one-half belonging to the other dying to go to his heirs or devisees in fee." *Held,* (1) after the termination of the interest reserved in the grantors the fee in the lands goes to the grantees, husband and wife, as tenants in common, not in entireties, the last clause of the conveyance having been inserted to prevent the possibility of survivorship; (2) the attempted restraint on alienation is void, though construed as intending to prevent one of the grantees from introducing a stranger as tenant in common with the other.

APPEAL by defendant from *Whedbee, J.,* at September Term, 1914, of WAKE.

This is a controversy without action submitted on the following agreed statement of facts:

1. On 18 August, 1911, the following deed was executed by F. J. Holloway and wife, Martha D. Holloway, of Wake County, North Carolina, to John T. Davis and wife, Luella Davis, of the District of Columbia:

NORTH CAROLINA—Wake County.

This deed, made this 18 August, 1911, by F. J. Holloway and wife, Martha D. Holloway, of Wake County, North Carolina, parties of the first part, to John T. Davis and wife, Luella Davis, of the District of Columbia, parties of the second part:

Witnesseth, that for and in consideration of the sum of $10 and other valuable consideration, the receipt of which is hereby acknowledged, the parties of the first part do hereby give, grant, bargain, sell and convey to the parties of the second part, upon the special limitations contained in the habendum herein, the following described tract of land lying in Neuse River Township, Wake County, North Carolina:

Beginning at southwest corner of schoolhouse lot in corner of W. G. Norwood's land, runs S. 85½ degrees E. 1,045 feet to a stone and iron pipe; thence S. 3½ degrees E. 457½ feet to an iron pipe; thence N. 85½ degrees W. 1,105 feet to pipe in road; thence along road N. 3 degrees E. 457½ feet to the beginning, and contains 11.28/100 acres. Being taken from the lands of the parties of the first part in this location.

To have and to hold the said lands, together with all the privileges and appurtenances thereunto belonging, unto the said parties of the second part, upon the following limitations, towit:

The parties of the first part retain possession of the land for twelve years, provided both of the parties of the first part, or either one of them, live that long; but upon the death of both, the possession is to immediately go to the parties of the second part; and with the further limitation, that neither party of the second part shall sell his or her one-half interest in the said land while the other is living, but that at the death of either, the survivor may dispose of his or her interest in fee, the one-half belonging to the other dying to go to his or her heirs or devisees in fee.

W. W. Vass, trustee, joins in this deed for the purpose of releasing the above described tract of land from the operation of a deed of trust made to him by the parties of the first part, and recorded in Book 236, page 221, of the register of deeds' office of Wake County.

In witness whereof the said parties of the first part, and the said W. W. Vass, trustee, have hereunto set their hands and seals this the day and year first above named.

|  |  |  |
|---|---|---|
| (Signed) | F. J. HOLLOWAY, | [SEAL] |
| (Signed) | MARTHA D. HOLLOWAY, | [SEAL] |
| (Signed) | W. W. VASS, *Trustee*. | [SEAL] |

(The acknowledgment of the parties signing was taken in proper form before, and the private examination of Martha D. Holloway by, W. H. Rogers, a notary public, of Wake County, North Carolina, whose commission was in force at the time. The deed was duly probated before Millard Mial, clerk of the Superior Court for Wake County, and is properly recorded in the office of the register of deeds of Wake County, in Book 260, at page 14.)

2. F. J. Holloway, one of the parties of the first part to the above recited deed, died on_____, 1914, his wife, Martha D. Holloway, the other party of the first part to the said deed, and one of the parties plaintiff in this cause, surviving him. The parties of the second part to said deed, John T. Davis and wife, Luella Davis, who are also parties in this cause or controversy without action, are both living, and at present are residing in_____

3. The said Martha D. Holloway, wife of said F. J. Holloway, by virtue of the limitations contained in the above recited deed, is and has been, since the death of said F. J. Holloway, enjoying the possession of the land described in said deed, and the benefits derived therefrom.

4. Heretofore, towit, in the month of_____, 1914, the plaintiffs Martha D. Holloway, John T. Davis, and Luella Davis, his wife, entered into an agreement with defendant D. R. Green by which said plaintiffs agreed to convey to said defendant the tract or parcel of land described in the above deed, by a fee-simple deed with title freed of all encumbrances, each and all of said plaintiffs agreeing to enter into such a conveyance as granting parties, and to give the usual covenants in such deed, and to give immediate possession of said land to D. R. Green, the grantee; and the said defendant D. R. Green, in consideration of the plaintiffs' undertaking and agreement, agreed to pay to the plaintiffs on receipt of a deed to said land executed in accordance with plaintiffs' agreements, the sum of $750 as the purchase price, not then knowing of the existence of the said deed referred to in paragraph 1.

5. The said plaintiffs Martha D. Holloway, John T. Davis, and Luella Davis, his wife, have properly and in due form executed a fee-simple deed to the above described tract or parcel of land, making all the covenants usual to a fee-simple deed, and each of the said three parties plaintiff entering into this conveyance to defendant as granting parties, and they now stand ready to deliver to said defendant, on receipt of the purchase money, the deed as executed, and they have made proper tender of the deed to said defendant, and to give possession of the land; but the said defendant, declining to accept the deed, in view of the limitations contained in the deed fully recited above, of the present legal right of the plaintiff to dispose of the said land by deed in fee simple and to

deliver immediate possession, has refused and does still refuse to accept the deed tendered by the plaintiffs, or to pay over the purchase money to defendants or any part thereof.

6. It is agreed that if the deed set forth in paragraph 1 hereof shall not be declared void, or, if declared valid, it shall not be further declared that the plaintiffs have the present legal right to dispose of the land described therein by deed in fee simple and to deliver immediate possession of the same, then the defendant owes the plaintiffs nothing and is under no obligation, legal or moral, to accept the deed tendered or to close the trade.

There was a judgment in favor of the plaintiffs, and the defendant excepted and appealed.

*Clark & Broughton for plaintiffs.*
*Winston & Biggs for defendant.*

ALLEN, J. It is now the well settled doctrine of this Court that the technical rules of the common law as to the division of deeds into formal parts will not prevail as against the manifest intention of the parties, ascertained by an examination of the whole deed. *Triplett v. Williams,* 149 N. C., 394; *Acker v. Pridgen,* 158 N. C., 339.

It is also a well recognized principle that in a conveyance to husband and wife they take by entireties, with the right of survivorship (*Bruce v. Nicholson,* 109 N. C., 202), but that a conveyance may be made to them as tenants in common, when there is no survivorship. *Eason v. Eason,* 159 N. C., 539.

Restraints upon alienation are void (*Trust Co. v. Nicholson,* 162 N. C., 264), and since 1879 a deed is "held and construed to be a conveyance in fee, whether the word heirs shall be used or not, unless such conveyance shall in plain and express words show, or it shall be plainly intended by the conveyance or some part thereof, that the grantor meant to convey an estate of less dignity." Rev., sec. 946.

Let us then read the deed under consideration in the light of these authorities.

The grantees, John T. Davis and wife, Luella Davis, take as tenants in common, subject to a reservation of the possession of the land for a period of twelve years for the benefit of the grantors, F. J. Holloway and wife, Martha D. Holloway, and as the attempted restraint upon alienation must be eliminated, except as it aids in the interpretation of the valid parts of the deed, the only clause which gives color to the contention that there is a limitation over as to the half interest of the tenant in common first dying is the conclusion of the habendum, "the one-half belonging to the one dying to go to his or her heirs or devisees in fee."

This language, instead of showing an intention to convey an estate of less dignity than a fee to Davis and wife, strengthens and confirms the presumption raised by the statute.

It is the one-half interest *belonging* to the one dying that is to go in fee, thereby recognizing the transmission of the estate after death, which could only be of an estate of inheritance, and it is "to go to his or her heirs or devisees in fee."

Words used in a deed should be construed according to their usual and ordinary meaning, unless a contrary intent appears (13 Cyc., 605), and if it is said that A. owns an interest in land, which upon his death will go to his heirs or devisees in fee, the natural and reasonable conclusion is that A. has an estate of inheritance which will descend to his heirs if he leaves no will, and to his devisees if he dies leaving a will.

In adopting this construction we do not violate the rule that some meaning must be given to each word and clause, if practicable, as the parties to the deed evidently had in mind the doctrine of survivorship in conveyances to husband and wife, and wished to make it certain that when one died one-half interest in the land should descend to his or her heirs or be transmitted to his or her devisees, and should not go to the survivor, and it is for this purpose the clause was inserted.

Another view which adds force to this construction is the clear intent manifested in the deed to make no distinction between the grantees, and to convey to each an equal interest in the land, which would be defeated if it should be held that there is a limitation over to the heirs or devisees of the one first dying, as the deed gives to the survivor the power to dispose of one-half in fee.

We are therefore of opinion upon a consideration of the whole deed that by proper interpretation it reserves the possession of the land to the grantors, F. J. Holloway and wife, Martha D. Holloway, for twelve years and then conveys the fee to John T. Davis and wife, Luella Davis, as tenants in common; and that the last clause in the habendum was inserted to prevent the possibility of survivorship.

The attempted restraint upon alienation is void, but, if not, it does not purport to deal with an alienation by both of the grantees joining in a conveyance, and was intended to prevent one from introducing a stranger as a tenant in common with the other.

It follows that the deed from Martha D. Holloway and John T. Davis and wife, Luella Davis, will convey an estate in fee to the defendant, F. J. Holloway being dead.

Affirmed.