TOWN OF MORGANTON, a MUNICIPAL CORPORATION, AND HUTTON & BURBONNAIS COMPANY, INC., v. CAROLINE HUDSON.

(Filed 21 November, 1934.)

**1. Trespass B b—Owner of an easement upon lands and owner of fee therein may maintain joint action for trespass.**

A town owning by condemnation an easement over lands for its watershed and the owner of the fee in such lands may maintain a joint action against a third party for damages for trespass and to restrain further acts of trespass, both plaintiffs having an interest in the lands.

**2. Trespass B c—Complaint held to state cause of action for trespass.**

A complaint alleging that defendant wrongfully and unlawfully entered upon lands over which the municipal plaintiff owned an easement for its watershed and in which the other plaintiff owned the fee, and that the defendant cut and removed from the lands valuable timber and interfered with the enjoyment of the easement, and threatened the health of the citizens of the town, and praying damage for the trespasses com-

mitted and an order restraining further acts of trespass, *is held* not demurrable on the ground that it fails to state a cause of action, it not being alleged that defendant owned or lived upon land embraced in the municipal watershed. C. S., 7116, 7123.

CIVIL ACTION, before *Harding, J.,* at August Term, 1934, of BURKE.

It was alleged that the plaintiff town of Morganton was a municipal corporation, owning, maintaining, and operating a public water system, supplying citizens and residents of the town with water necessary for domestic consumption and for the protection of the health of the citizens. It was further alleged that in order to secure a proper watershed the town had duly condemned the necessary drainage area to protect said water supply, and as a result of such condemnation was "the owner of an easement and right in and to the said lands and premises constituting its said watershed."

The plaintiff Hutton & Burbonnais Company is the owner of a large boundary of land in Burke County, including the portion of land which had been condemned by the town as a watershed.

It was alleged that the defendant, "under some spurious claim unfounded in law, has recently unlawfully entered and trespassed upon said premises, . . . cutting and removing from the boundary of plaintiff's said watershed certain valuable timber trees standing and growing thereon, and is threatening to continue to cut and remove from plaintiff's said watershed much valuable timber trees, and will, as plaintiff is advised and believes, continue to cut and remove from plaintiff's watershed the said standing and growing timber thereon, and will pollute said water supply of the plaintiff unless enjoined and restrained by the order of the court. . . . That the entry on said lands and premises by defendant constituting plaintiff's watershed is unlawful and wrongful, and constitutes a dangerous nuisance and potential infection and contamination of the water supply of said town of Morganton, and such continued entry and trespass upon plaintiff's said watershed endangers the lives and health of the citizens of the said town."

The plaintiffs alleged that they were damaged in the sum of $500.00 by reason of such unlawful and wrongful trespass, and ask that an injunction be issued restraining further trespass.

The defendant demurred to the complaint upon the ground that there was a misjoinder of both parties and causes of action, and further, that neither plaintiff had stated facts sufficient to constitute a cause of action.

The demurrer was sustained and the plaintiffs appealed.

*Mull & Patton and Charles W. Bagby for plaintiffs.*
*I. T. Avery and O. L. Horton for defendant.*

BROGDEN, J. The situation is this: The Hutton & Burbonnais Company owns a tract of land in Burke County. The town of Morganton

owns and operates a municipal water supply in said county, and has duly condemned and now owns an easement in and over a portion of said tract of land for the protection of its said water supply and of the health of its citizens. It is alleged in the complaint and admitted by the demurrer that the defendant has unlawfully and wrongfully entered upon that portion of land constituting an easement of the town, and has cut and continues to cut and remove valuable timber from the premises, and that such trespass not only interferes with the enjoyment of the easement but constitutes a menace to the health of the inhabitants of the town.

This fact status produces the following question of law: Can the owner of the easement and the owner of the land maintain a joint action for damages heretofore accrued and at the same time restrain further trespass upon the land by the defendant? The law answers the inquiry in the affirmative.

C. S., 7116, et seq., prescribes certain regulations and supervision with respect to watersheds. C. S., 7123, provides certain regulations to be observed by persons residing or owning property on a watershed. It does not appear, however, that the defendant resides or owns any property on the watershed in question, but, on the contrary, it is specifically alleged that the plaintiffs own the fee and the easement superimposed thereon by a condemnation proceeding.

An easement is an interest in land, and it has been held by this Court that a tenant and an owner may be properly joined in an action for trespass or remainderman and life tenant. See *Balcum v. Johnson,* 177 N. C., 213, 98 S. E., 532; *Nobles v. Nobles,* 177 N. C., 243, 98 S. E., 715; *Tripp v. Little,* 186 N. C., 215, 119 S. E., 225; *Gruber v. Ewbanks,* 197 N. C., 280, 148 S. E., 246; *Combs v. Brickhouse,* 201 N. C., 366.

Both plaintiffs have an interest in the land and the complaint states facts sufficient to ward off a demurrer.

Reversed.