EUGENE HALL AND WIFE, NELLIE HALL, v. DeWELD MICA CORPORATION.

(Filed 23 May, 1956.)

**1. Appeal and Error § 3—**

An appeal lies from the overruling of demurrer for misjoinder of parties and causes of action. Rule of Practice in the Supreme Court 4(a).

**2. Trespass § 1f: Injunctions § 4d: Pleadings § 19b: Parties § 2—Husband and wife may maintain joint action for trespass to realty by discharge of dust and to abate same as nuisance.**

Plaintiffs, husband and wife, alleged that they own their home in which they live with their four children, that defendant, incident to mica mining operations 200 yards distant from their home, was discharging vast clouds of dust, containing minute particles of silicon dioxide, onto plaintiffs' property, exposing plaintiffs and their children to the danger of silicosis, and resulting in damage to the property, additional work to keep the house clean, and mental anguish on account of the threat to the health of themselves and children. Plaintiffs prayed damages in a stipulated amount and injunction to prevent future trespass. *Held:* The allegations that plaintiffs own their home is sufficient to show that both have an interest in the property, and therefore both are properly joined as plaintiffs under G.S. 1-68. *Held further:* Only one cause of action for damages for trespass and to restrain further trespasses was stated, the allegations as to extra labor necessary to keep the house clean and mental anguish on account of the threat to health being merely allegations of elements of damages and grounds for the issuance of a restraining order. Therefore, demurrer for misjoinder of parties and causes was properly overruled.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Huskins, J.,* January Term 1956 of YANCEY.

Civil action heard upon a demurrer.

The plaintiffs are husband and wife, and allege substantially these facts in their complaint:

*One.* They own a four-room home, and live in it with their four small children.

*Two.* The defendant for some time has been, and is now, operating six days a week, 24 hours a day, a mica mining and separating plant about 200 yards from their home. The operation of this plant gives off a vast cloud of dust, which settles all over their yard, lawn, garden, garden vegetables and spring, enters their house covering with dust their furniture, clothing, beds, cooking utensils and china, and settles on their mantles, window sills, walls, curtains and windows, to their great and constant annoyance, resulting in increased work to keep the inside of their house and its contents clean.

HALL *v.* MICA CORP.

*Three.* This dust is charged with, and partly made up of, minute and invisible particles of silicon dioxide, which produces silicosis, and exposes plaintiffs and their children to danger of that disease.

*Four.* The defendant for five years has caused this dust to be thrown into the air and on their property, and more particularly, and with an increased quantity, for the last three months, thereby damaging plaintiffs and their property in the sum of at least $1,200.00.

*Five.* The defendant by polluting the air and permitting and causing this dust to settle on their property and in their home is guilty of a continuing nuisance.

*Six.* They have suffered, and are suffering, fear and mental anguish on account of the threat to their health and that of their children.

*Seven.* The defendant by permitting and causing this dust to settle on their property is constantly committing a continuing trespass, and they have no adequate remedy other than by an injunction to grant them relief from this continuing trespass.

The plaintiffs pray for an injunction to prevent the defendant from permitting this dust to settle on their property and in their home and for damages in the sum of $1,200.00.

The defendant filed a written demurrer on two grounds. One, an improper joinder of parties having separate interests and separate damages. Two, an improper misjoinder of several causes of action, because all the parties are not affected by each cause of action, and the causes of action are not separately stated.

The lower court overruled the demurrer.

The defendant appealed, assigning error.

*R. W. Wilson for Plaintiffs, Appellees.*

*Fouts & Watson, G. D. Bailey and W. E. Anglin for Defendant, Appellant.*

PARKER, J.   The defendant demurs on the ground of a misjoinder of parties and causes. When a demurrer on that ground is overruled, Rule 4(a) Rules of Practice in the Supreme Court, 243 N.C. 766, does not apply.

The defendant contends that there is a misjoinder of parties and causes, because the plaintiffs seek to recover damages and pray for a permanent injunction for: "(1) trespass on their property; (2) labor in keeping things clean; (3) exposure to silicosis; and (4) fear and mental anguish for threat to their health and their children." The defendant further states in its brief: "As to their labor, their exposure to silicosis and their fear and mental anguish, each plaintiff has separate interests and separate damages, and the actions, therefore, are

improperly united in this one action. G.S. 1-123; G.S. 1-127." The above is the complete argument and citation of authority in its brief.

The complaint alleges a direct invasion of plaintiffs' property rights by vast clouds of dust charged with, and partly made up of, minute and invisible particles of silicon dioxide, which produces silicosis, settling on and covering their property, both inside and outside their home, which injurious acts are the immediate result of the operation of a mica mining and separating plant 200 yards from their home by the defendant. This is a trespass, and gives rise to a cause of action. *McPherson v. Williams*, 205 N.C. 177, 170 S.E. 662; *Gwaltney v. Timber Co.*, 115 N.C. 579, 20 S.E. 465; *Newsom v. Anderson*, 24 N.C. 42, 37 Am. Dec. 406; 87 C.J.S., Trespass, pp. 966-967.

In *Kosich v. Poultrymen's Service Corp.*, 136 N. J. Eq. 571, 43 A. 2d 15, the Court said, quoting from *Hennessy v. Carmony, Ch.*, 50 N. J. Eq. 616, 25 A. 374: My neighbor "has no right . . . to throw sand, earth, or water upon my land in ever so small a quantity. To do so is an invasion of property, and a trespass, and to continue to do so constitutes a nuisance."

The sole allegation of ownership of the property by the plaintiffs is in paragraph two of their complaint, which reads: "That the plaintiffs own and have their home in South Toe Township in this State and County, where they have a four-room house and where they live and where they have four children, ages two to eleven years."

This Court said in *Holloway v. Green*, 167 N.C. 91, 83 S.E. 243: "It is also a well recognized principle that in a conveyance to husband and wife they take by entireties, with the right of survivorship (*Bruce v. Nicholson*, 109 N.C. 202), but that a conveyance may be made to them as tenants in common, when there is no survivorship. *Eason v. Eason*, 159 N.C. 539." See also: *Nesbitt v. Fairview Farms, Inc.*, 239 N.C. 481, 80 S.E. 2d 472.

It does not appear from the complaint as to whether the plaintiffs own their home as joint tenants, tenants in common or tenants by the entirety, but it does clearly appear that both are in the actual possession of their home, that both have an interest in it, and both want the relief demanded in the complaint.

G.S. 1-68—WHO MAY BE PLAINTIFFS—reads: "All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs, either jointly, severally, or in the alternative . . ." The object of this statute is to permit all persons, who come within its terms, to unite as parties plaintiff, so that a single judgment may be rendered completely determining the controversy for the protection of all concerned.

In *Pake v. Morris*, 230 N.C. 424, 53 S.E. 2d 300, the plaintiffs were husband and wife, who were the owners and in possession of the tract of

land described in the complaint. They brought an action to enjoin an alleged threatened nuisance in the operation of a fish factory in close proximity to their home, which allegedly rendered their home practically uninhabitable and greatly impaired their comfort and health. A verdict and judgment in defendant's favor was affirmed. There was no contention that there was a misjoinder of parties and causes.

In *Morgan v. Oil Co.*, 238 N.C. 185, 77 S.E. 2d 682, the plaintiffs were husband and wife, who were seized in fee simple as tenants by the entireties of nine acres of land. They brought an action to recover temporary damages for a private nuisance and to abate such nuisance by injunction upon the alleged ground of damage to their property rights. In the opinion the Court said: ". . . the evidence is ample to establish the existence of an actionable private nuisance, entitling *the plaintiffs* to recover temporary damages from the High Penn Oil Company." Emphasis added. Further on in the opinion it is said: ". . . the evidence is ample to establish the existence of an abatable private nuisance, entitling *the plaintiffs* to such mandatory or prohibitory injunctive relief as may be required to prevent the High Penn Oil Company from continuing the nuisance." Emphasis added. There was no contention of a misjoinder of parties and causes. See: *West v. R. R.*, 140 N.C. 620, 53 S.E. 477; *Jones v. Smith & Co.*, 149 N.C. 318, 62 S.E. 1092; *Nesbitt v. Fairview Farms, Inc., supra.* In the *Nesbitt v. Fairview Farms, Inc.*, case, which was a processioning proceeding to establish the true dividing line between the lands of petitioners held by them as tenants by the entireties and the lands of the respondent, the Court said: "While she" (petitioner's wife) "is not a necessary party to this proceeding, she is a proper party." See also: *Fowles v. Hayden*, (Mich.) 89 N.W. 571.

In *Morganton v. Hudson*, 207 N.C. 360, 177 S.E. 169, a town owning an easement over lands for its water-shed and the owner of the fee in such lands brought a joint action against a third person for damages for trespass and to restrain further acts of trespass. Defendant demurred to the complaint on the ground of a misjoinder of parties and causes. In the lower court the demurrer was sustained. This Court reversed the court below holding that the joint action could be maintained, because both plaintiffs had an interest in the lands. In its opinion the Court also said: "An easement is an interest in land, and it has been held by this Court that a tenant and an owner may be properly joined in an action for trespass or remainderman and life tenant."

This is the only cause of action the plaintiffs have alleged. A joint action for damages for trespass by the defendant upon the lands and home they own, and at the same time to restrain further trespasses upon

their lands and home by the defendant. It is true that the complaint alleges that the dust settling in their home has caused a great deal of extra working and labor on their part, and the exposure of themselves and their children to this dust charged with, and partly made up of, minute and invisible particles of silicon dioxide, which produces silicosis, has caused them fear and mental anguish on account of the threat to their health and that of the health of their children, but these are alleged as elements of damages for the defendant's wrongful trespass upon their lands and home, and as grounds for the issuance of a restraining order, and not as separate causes of action. The admissibility in evidence of all these facts alleged as elements of damages and as grounds for a restraining order are not before us for decision, for the reason that the sole question before us is as to whether there is a misjoinder of parties and causes. This Court said in *Lee v. Stewart*, 218 N.C. 287, 10 S.E. 2d 804: "Where a trespass is shown the party aggrieved is entitled at least to nominal damages." Numerous cases are cited in support.

The plaintiff in its brief states "there is only one defendant and one cause of action"; that the allegation of mental anguish is merely an element of damages and not a cause of action; and that the threat of silicosis is alleged merely as a ground for abatement of a nuisance by injunction.

In this case there is no misjoinder of causes. *Morgan v. Oil Co.*, *supra; Morganton v. Hudson, supra.* And further, there is no misjoinder of parties for G.S. 1-68 provides that "all persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs," and it does not appear that the exception in the statute is applicable here.

The court below properly overruled the demurrer for an alleged misjoinder of parties and causes.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.