CITIZENS TELEPHONE COMPANY, a corporation, Plaintiff,

v.

TEL SERVICE COMPANY, Inc., a corporation, Defendant.

No. 2073.

United States District Court
W. D. North Carolina,
Asheville Division.

Argued Jan. 7, 1963.

Decided March 6, 1963.

Monroe M. Redden, Redden, Redden & Redden, Hendersonville, N. C., for plaintiff.

William B. Holland, Winter Haven, Fla., and Richard L. Wharton, Wharton, Ivey & Wharton, Greensboro, N. C., for defendant.

CRAVEN, Chief Judge.

Plaintiff Citizens Telephone Company, a telephone utility, began this action in the Superior Court of Transylvania County, North Carolina, seeking an injunction (and also monetary damages) to restrain and prevent defendant Tel Service Company, Inc. from engaging in the distribution of plastic telephone directory covers to telephone customers of plaintiff. Defendant removed the case to this court, which acquired jurisdiction by reason of diversity of citizenship and statutory amount in controversy.

Previously filed findings of fact are incorporated herein by reference. This opinion will constitute the necessary conclusions of law. Rule 52 FRCP.

Defendant is a foreign corporation engaged in the business of selling advertising space on telephone directory covers and mailing the covers free of cost to telephone subscribers who may use them to envelop telephone directories furnished by telephone companies. Plaintiff retains title to its directories and forbids the use of covers on them in its tariff, approved by the North Carolina Utilities Commission, which it reprints in its telephone directory.

Plaintiff objects to the distribution of the plastic telephone book covers for the reason that if a subscriber chooses to envelop his telephone directory in one of the covers the front and back of the original directory is completely covered, effectively concealing the following:

(1) Plaintiff's own advertisement urging subscribers to shop the "yellow pages".

(2) Reprint of a North Carolina statute making it a misdemeanor to refuse to relinquish a party line when informed that such line is needed for certain enumerated emergencies. N.C.G.S. section 14–401.8 (1961 Supp.).

(3) Reference to pages 1 and 1 to 3 of the directory for emergency numbers (such as the fire and police department) and other important calls, including general telephone information.

Plaintiff receives substantial income from the sale of advertisements in its "yellow pages", and such income is considered by the Utilities Commission of North Carolina in establishing rates which the plaintiff is permitted to charge its customers. Unquestionably, the advertisements of defendant appearing on the telephone book covers dilute the advertising value of the "yellow pages" and make it difficult, if not impossible, to sell advertising in the "yellow pages" to

businesses of the same kind as represented on the telephone book cover.

In a diversity suit, a federal court is, in effect, only another local forum. The right to recover is determined and measured by the law of the state. Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Apparently the Supreme Court of North Carolina has not had occasion to consider and determine the substantive law applicable to this controversy. It is, therefore, necessary for this court to look to the law of other jurisdictions. But theory and legal exposition, except to the extent necessary, must await a proper case in the Supreme Court of North Carolina, whose province it is to expound the substantive law of this State.

The legal theories upon which telephone companies have sought relief because of the invasion of rights in or connected with their directories are: (1) that the conduct of the defendants constitutes repeated inducements to trespass upon their property (the directories); (2) unfair competition; (3) unwarranted interference with contractual relations between the telephone companies and their subscribers; (4) and infringement of copyrights in the directories. See: Am.Jur. Telegraphs and Telephones section 64 (1962 Supp.).

Although embracing all of the foregoing theories, counsel for plaintiff in this case additionally urge that the use of such covers interferes with the service afforded by the plaintiff to its subscribers.

The evidence discloses that telephone numbers are necessarily changed rather frequently. In February 1962, all of the telephone numbers of the plaintiff company were changed. As a result, the numbers shown on defendant's covers distributed prior to that date, including emergency numbers such as fire and police, were incorrect after February 1962.

A telephone is of limited usefulness without a telephone directory. The publication of "yellow pages" in the directory

has a public function entirely separate from the advertising function. One looking for a taxi might well give up the search but for the "yellow pages".

In the instant case, the application of the subscriber for service refers to the published tariff. This tariff, including the prohibition against the use of telephone directory covers, becomes a part of the contract between the telephone company and its subscribers. Illinois Bell Telephone Co. v. Miner, 11 Ill. App.2d 44, 136 N.E.2d 1 (1956). New England Tel. & Tel. Co. v. National Merchandising Corp., 335 Mass. 658, 141 N. E.2d 702, 63 A.L.R.2d 1085 (1957) is not *contra* because in that case the tariff did not relate to telephone directories. Since the prohibition (printed on each directory) is a part of every contract between the telephone company and its subscribers, if the defendant furnishes covers without the consent of the telephone company and invites and induces subscribers to use them in violation of their contracts with the telephone company, it is guilty of a multitude of tortious interferences with contractual relationships between the telephone company and its subscribers. Illinois Bell Telephone Co. v. Miner, supra. And see: Annot., 63 A.L.R.2d 1096 (1959).

In the opinion of the court, a telephone directory is such an integral part of telephone service that the telephone company and the public has a proper and remediable interest in controlling its use; the tariff prohibiting the use of telephone book covers is not an unreasonable extension of the telephone monopoly.

Defendant admits its intention to continue distribution of its covers in the area served by plaintiff. Although the court is convinced that the gross income from yellow page advertisements is substantially diminished by advertisements appearing on the front and back of a directory, the evidence does not disclose the diminution with sufficient clarity to support a monetary judgment. Plaintiff, although being damaged irreparably, is without an adequate remedy at law, and is entitled to have a permanent injunction issue to restrain the defendant from distributing its telephone directory covers to customers of the plaintiff. Counsel may submit an appropriate judgment.