Michael Bryant **WHITEHEAD** by his Next Friend, **Lewis E. Whitehead, Jr., Plaintiff,**

v.

Irving **MARGEL** and wife, **Freda Margel, Defendants.**

**Civ. No. 1785.**

United States District Court W. D. North Carolina, Charlotte Division.

Heard July 2, 1963.

Decided Aug. 29, 1963.

Eugene C. Hicks, III, Cansler & Lockhart, Charlotte, N. C., for plaintiff.

W. T. Covington, Jr., Kennedy, Covington, Lobdell & Hickman, O. W. Clayton, Clayton & London, Charlotte, N. C., for defendants.

CRAVEN, Chief Judge.

The substance of the complaint in this action is that:

(1) Defendants, Irving Margel and wife, Freda Margel, own as tenants by the entirety certain real property on which there is located an unenclosed outdoor swimming pool.

(2) Defendants vacated their residence located on the same property and moved to California; the premises in question were left unoccupied.

(3) After defendants moved away, weeds grew up around the pool, and the pool itself became partially filled with water and trash, making it dangerous to children.

(4) Children played on the vacant premises; defendants were advised of this and specifically requested to enclose the pool or take other steps to guard against injury to children frequenting the premises.

(5) Defendants failed to take any precautionary measures.

(6) The minor plaintiff, when three years old, fell into the pool and was injured, the proximate cause thereof being the defendants' willful and negligent omission to guard, enclose, and clean the pool.

The lawsuit was instituted in the state court. Attachment was executed against the property held by Irving and Freda Margel as tenants by the entirety and another tract of real estate (of little value) held by Irving Margel separately. Subsequently, in accordance with state procedure, out-of-state service of process was had upon both defendants. Defendants removed the action to the federal court.

Freda Margel now moves the court to dismiss the action as to her, assigning as the reason: that the property on which the alleged injury to the plaintiff occurred is owned by her and her husband as tenants by the entirety; that under the law of North Carolina, the *husband* has the exclusive right to the control, use, and possession of entireties property and is *alone* charged with the duty to maintain and control the condition of such property; therefore, no cause of action exists against her and she is not a proper party to this proceeding.

■ Unquestionably, during coverture the husband has the exclusive *right* to control and usufruct of entireties property. See: Lewis v. Pate, 212 N.C. 253, 193 S.E. 20 (1937). But does the husband's common law *right* in such property serve to immunize the wife from liability arising from *her* negligent act or omission in the use and care of it? No. Is the distinction between the interests of the husband and wife respectively in entireties property of such a nature that the wife cannot be properly joined as a party defendant in an action based upon an injury sustained on and because of the condition of the property? No.

■ It is elementary in diversity of citizenship cases that matters of substantive law are to be determined in accordance with applicable state law; matters relative only to procedure are decided under the federal rules. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937). Distinction between substantive questions and procedural questions is often not clear and simple. Indeed, the two are often intertwined. In recognition of the inherent difficulty of drawing such a definitive line, there has been appended to the doctrine of Erie v. Tompkins this variation on the theme:

"In essence, the intent of that decision (Erie R. Co. v. Tompkins) was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same *. * * as it would be if tried in a State court." Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); and see, Rios v. Drennan, 209 F. Supp. 927 (1962).

■ Unquestionably, the outcome of the litigation of this case depends upon whether Freda Margel is retained as a party defendant; for under North Carolina law, a judgment against either the husband or the wife *alone* does *not* constitute a lien upon land held by them as tenants by the entirety, whereas a *joint* judgment against a husband and wife may become a lien upon entireties property and the land may be sold upon an execution to satisfy the judgment. Edwards v. Arnold, 250 N.C. 500, 109 S.E.2d 205 (1959); Martin v. Lewis, 187 N.C. 473, 122 S.E. 180, 35 A.L.R. 144 (1924).

This court, then, must look to the North Carolina law *and* procedure and attempt to equate the position of the parties in this court with what it would be in the Superior Court of North Carolina. "In a diversity suit, a federal court is, in effect, only another local forum. The right to recover is determined and measured by the law of the state. If the action cannot be maintained in a state court because of state law, it should not be allowed to be maintained here." Rios v. Drennan, supra, at 930.

The specific question here presented has never been passed upon by the North Carolina Supreme Court. It is necessary, therefore, that this court attempt, as best it can, to apply, by analogy, the relevant law of North Carolina to a novel fact situation. "But theory and legal exposition except to the extent necessary, must await a proper case in the Supreme Court of North Carolina, whose province it is to expound the substantive law of this State." See: Citizens Telephone Co. v. Tel. Service Co., 214 F.Supp. 627, 628 (1963).

The key to the problem is, perhaps, provided in Hall v. Mica Corp., 244 N.C. 182, 93 S.E.2d 56 (1956). In that case husband and wife owned their home and joined as parties plaintiff and sued for

damages to the property and for an injunction to prevent future trespass. In deciding, upon defendant's demurrer on the ground of misjoinder of causes and parties, that plaintiffs husband and wife were properly joined as parties, the court made particular note of these cases:

(1) Pake v. Morris, 230 N.C. 424, 53 S.E.2d 300. Husband and wife as tenants by the entirety sued together to enjoin a threatened nuisance that would do harm to their property. It was never contended nor suggested that husband and wife were improperly joined as parties.

(2) Morgan v. Oil Co., 238 N.C. 185, 77 S.E.2d 682. Husband and wife owned realty as tenants by the entirety and jointly brought an action to recover damages for a nuisance and to abate the nuisance by injunction. Again there was no contention of a misjoinder of parties. Indeed, the court, in that case, recognized that the plaintiffs were entitled to relief.

(3) Nesbitt v. Fairview Farms, Inc. 239 N.C. 481, 80 S.E.2d 472. The court, in a processioning proceeding to determine the true boundary line between husband and wife's property held by them as tenants by the entirety and that of the respondent, stated that: "While" (petitioner's wife) "is not a necessary party to this proceeding, she is a proper party."

Of even more significance is the fact that in Hall v. Mica Corp., supra, the North Carolina Supreme Court looked directly to the following state statute as determinative of the issue there presented:

"G.S. § 1-68. Who may be plaintiffs.—

"All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs * * *."

In conjunction with its citation of that statute, the court stated that, "The object of this statute is to permit all persons, who come within its terms, to unite as parties plaintiff, so that a single judgment may be rendered completely determining the controversy for the protection of all concerned."

In Hall v. Mica Corp., supra, as well as in the other cases above cited, the husband and wife—joint property owners—were joined as parties *plaintiff*. If they can be parties plaintiff with respect to an injury to jointly owned property, why cannot they be parties *defendant* in an action arising out of an alleged tort connected with the use and care of their joint property?

North Carolina General Statutes, Section 1-69 reads as follows:

"Who may be defendants.—All persons may be made defendants * * who have, or claim, an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved. * * If the plaintiff is in doubt as to the persons from whom he is entitled to redress, he may join two or more defendants, to determine which is liable."

 Both defendants come within the literal terms of this statute. The converse of Hall v. Mica Corp., supra, is both sensible and logical. That the law of North Carolina gives to the husband the exclusive *right* to the control, possession, and use of realty held by him and his wife as tenants by the entirety is by no means conclusive of whether he has *exercised* that right to the exclusion of his wife. Not until evidence is adduced at the trial of the matter can it be decided whether the husband alone did, *in fact*, exercise such exclusive control of the property as to exonerate the wife from liability for tortious conduct thereon. Assuming the allegations of the complaint to be true, which is proper for the purposes of this motion, enough is said to charge Freda Margel, as well as

her husband, with ownership and assumption of actual control of the property and with negligence in the exercise of the same. In the language of N.C. G.S. § 1–69, joinder of Freda Margel is "necessary * * * to a complete determination or settlement of the questions involved. * * *" This position is affirmatively buttressed by Burris v. Creech, 220 N.C. 302, 17 S.E.2d 123 (1941). In that case, the *defendants* were husband and wife—tenants by entirety and were sued *jointly* for damages to adjoining real property also owned as an estate by the entirety, and to abate a nuisance, the cause of action arising out of defendant husband's erection of a "spite fence" on defendants' property. Nowhere in the opinion is it suggested that the husband and wife were improperly joined as parties defendant, even though the court's preliminary statement of facts clearly indicate that the defendant husband alone was responsible for the erection of the fence. Additionally, the court observed that since payment of damages in such an instance is on the theory of a permanent easement, "plaintiff's wife, as one of the tenants by the entirety, would be a desirable, if not a necessary party * * *."

However peculiar a tenancy by the entirety may be, it is not a shield for a tortious wife. Its peculiarities are not wholly incidents of the estate but arise from the marital relationship known to the common law and now largely abrogated by statute. See: Davis v. Bass, 188 N.C. 200, 124 S.E. 566 (1924); N.C.G.S. § 52–15.

No conflicting requirements regarding this matter are to be found in the Federal Rules of Civil Procedure. See Rule 20.

Counsel for defendant relies upon two Michigan cases: Dombrowski v. Gorecki, 291 Mich. 678, 289 N.W. 293 (1939); and Maynard v. Hawley, 331 Mich. 123, 49 N.W.2d 92 (1951). In Dombrowski, defendants husband and wife owned property as tenants by the entirety upon which they operated a business. They were jointly charged with negligence in leaving open and unguarded a sidewalk grate opening to the basement of the building located on the property, the plaintiff having fallen into the opening and suffered injuries. The Michigan court decided that the liability was that of the husband alone for these reasons: (1) a husband and wife may not be held liable as partners, for the law of Michigan precludes such a relationship; (2) even though the business was operated on entireties property, the wife had no right to share in the profits from it; (3) since the husband has the right to the usufruct of the entireties property, it is his duty to maintain the property, not that of the wife; therefore, she cannot be charged with negligence in the maintenance of it.

The Maynard case is of little value, for the plaintiff conceded in it that no relief could be had against the wife—tenant by the entirety. The court simply noted the concession and cited Dombrowski.

But Dombrowski turns partly on the partnership business relationship (not present in the instant case) forbidden by Michigan law. In North Carolina the law does not prohibit the formation of a business partnership between husband and wife. See: Eggleston v. Eggleston, 228 N.C. 668, 47 S.E.2d 243 (1948). Dombrowski is deemed inconsistent with the North Carolina decisions cited herein. In General Air Conditioning Co. v. Douglass, 241 N.C. 170, 173, 84 S.E.2d 828 (1954), it was clearly indicated that a husband *may* act as agent for his wife in making improvements to realty owned by the entireties. See: Grant v. Artis, 253 N.C. 226, 116 S.E.2d 383 (1960). Apparently contrary to Dombrowski is the proposition stated in 41 C.J.S. Husband & Wife, § 34 (1963 Supp. p. 114):

"Where property is owned as tenants by the entirety one tenant is not responsible as a matter of law for torts of the *other* committed in the *use* of the property." (Emphasis added.)

Determination of the facts must await the trial. Suffice it to say that it is not impossible as a matter of law for the facts to be such as will support a judgment against Freda Margel. Her motion to dismiss is denied.